[S. F. No. 1615.   Department One.—October 24, 1900.]

WILLIAM NICOL, Appellant, v. CITY AND COUNTY OF
SAN FRANCISCO, Respondent.

PRACTICE—WANT OF PROSECUTION—DEATH OF ATTORNEY—DISMISSAL.—
    The trial court has jurisdiction to entertain a motion to dis-
    miss an action for want of prosecution, made at the instance
    of the defendant, after the death of the attorney for the plain-
    tiff, when the plaintiff appears at the hearing by another attor-
    ney and contests the motion on its merits, notwithstanding the
    failure of the defendant to demand the appointment by the
    plaintiff of another attorney, or his appearance in person, as
    provided by section 286 of the Code of Civil Procedure.

ID.—LACHES IN PROSECUTION FOR FIVE YEARS.—A delay of upward of
    five years to take any steps toward the prosecution of an ac-
    tion warrants its dismissal for laches; and such delay is not
    excused by the facts that the plaintiff's time was entirely
    taken up with his other business affairs, or because he intrusted
    the conduct of the litigation entirely to his attorney, who was
    negligent in its prosecution.

APPEAL from a judgment of the Superior Court of the City
and County of San Francisco.   F. H. Dunne, Judge.

The facts are stated in the opinion of the court.

S. Bloom, for Appellant.

James L. Gallagher, and Harry T. Creswell, for Respondent.

GAROUTTE, J.—This appeal is before us from a judgment
dismissing an action for lack of prosecution.   The action is one
for damages to real property, occasioned by reason of an over-
flowed sewer, and was brought in the year 1890.   Issue was
joined promptly, but the cause did not come to trial, and in
the year 1898, upon motion of the city, the action was dis-
missed for laches in the prosecution.   Two years after the ac-
tion was brought plaintiff's attorney died, and nothing further
was done in the matter until the present proceedings to dismiss
were inaugurated.

The motion before the court was submitted upon the affidav-
its of plaintiff and defendant's attorney.   Plaintiff first objected

to the jurisdiction of the court to make any order whatever in the premises, upon the ground that defendant had never served upon him the notice required by section 286 of the Code of Civil Procedure. That section provides: "When an attorney dies, or is removed or suspended, or ceases to act as such, a party to an action for whom he was acting as attorney must, before any further proceedings are had against him, be required by the adverse party, by written notice, to appoint another attorney or to appear in person." In view of the fact that plaintiff upon April 7, 1898, appointed an attorney to represent him in the litigation, and that the hearing upon the motion to dismiss was not had until April 15th, there is nothing in the point made. He had an attorney at the hearing who represented him fully upon the merits of the motion, and in no degree is it claimed that he was injuriously affected by a failure to serve the notice required by the aforesaid section of the code. If the plaintiff had failed to appear at the hearing upon the fifteenth day of April, either personally or by attorney, then the lack of service of such a notice would probably have been good cause to justify the invoking of the aforesaid provisions of the statute. But when he did appear at that time, and by his attorney presented his affidavit going to the merits of the motion, and fully litigated the whole matter upon the merits, any question of lack of jurisdiction upon the part of the court to proceed with the hearing is eliminated from the case; and this, too, even though his attorney there made the preliminary objection that the notice contemplated by the statute had not been given.

As to the merits of the cause, this court will not disturb the judgment of dismissal. The trial court is vested with a large legal discretion in these matters, and, in the absence of a showing of abuse of that discretion, we will not interfere. The showing here is too weak upon the part of the plaintiff to justify us in setting aside the judgment. For at least five years plaintiff made no motion toward a prosecution of his action. Although he claims to have retained an attorney after the death of his first attorney, to look after his interests, yet it does not appear by his affidavit that he ever passed a single word with that attorney during those five years regarding the status of the case. His excuse for this conduct is found in the statement that his

time was entirely taken up in the transaction of his other business affairs, and that he depended wholly upon his retained counsel to care for his rights in the litigation. The circumstance that his counsel did nothing toward prosecuting the trial of the action avails him nothing. The counsel's negligence is his negligence; and the fact that he remained so indifferent to the condition of the litigation which he had inaugurated, that for five years he never made a single inquiry about it, fully justifies this court in upholding the decision of the trial court in directing an order of dismissal to be entered.

For the foregoing reasons the judgment is affirmed.

Van Dyke, J., and Harrison, J., concurred.

Hearing in Bank denied.