[Civ. No. 776.   Second Appellate District.—March 31, 1910.]

TROY LAUNDRY MACHINERY COMPANY, LIMITED.
Respondent, v. DRIVERS' INDEPENDENT LAUN-
DRY COMPANY, Appellant.

APPEAL—MOTION TO DISMISS—TIME FOR FILING POINTS AND AUTHORI-
TIES—DEATH OF RESPONDENT'S ATTORNEY—PROCEEDINGS SUSPENDED
—MOTION DENIED.—Under section 286 of the Code of Civil Pro-
cedure, upon the death of the attorney for respondent, all proceed-
ings against respondent on behalf of appellant were suspended
until such time as respondent voluntarily, or in response to pro-
ceedings instituted by appellant, appointed another attorney, or
appeared personally; and where a newly appointed attorney for
respondent at once moved to dismiss the appeal for failure of
appellant to file its points and authorities in time, and it ap-
peared that at the time of such death appellant had unexpired time
therefor, they were properly filed within such time after appoint-
ment of the new attorney, and when filed within proper time there-
after, the motion to dismiss the appeal must be denied.

MOTION to dismiss an appeal from a judgment of the
Superior Court of Los Angeles County.   Charles Monroe,
Judge.

The facts are stated in the opinion of the court.

D. Z. Gardiner, and Millsap & Sparks, for Appellant.

Horace S. Wilson, and Constan Jensen, for Respondent.

SHAW, J.—Motion to dismiss appeal from judgment upon
the ground that appellant failed to file its points and au-
thorities within the time prescribed by the rules of this
court.   (Subd. 4, rule II, [78 Pac. vii].)

The transcript was filed December 6, 1909, and the pe-
riod of thirty days allowed to appellant for filing its points
and authorities expired on January 5, 1910.   The points
and authorities, however, were not filed until February 23,
1910.   The reason for the delay, as appears from appellant's
affidavit filed in opposition to the motion, was that respond-
ent's attorney died on December 30, 1909, at which time ap-

pellant had six days within which to file its points and authorities. Upon the death of an attorney all further proceedings against the party for whom he was acting as attorney are stayed until such time (unless he of his own motion appoint another attorney) as the adverse party shall by written notice require him to appoint another attorney or appear in person. (Code Civ. Proc., sec. 286.) By virtue of the provisions of this section all proceedings in the prosecution of the appeal were suspended from the date when respondent's attorney died until such time as respondent voluntarily, or in response to proceedings instituted by the adverse party, as provided by said section 286, appointed another attorney or appeared personally. On February 16, 1910, respondent selected another attorney, notice of the appointment of whom was on the same day, together with a motion to dismiss the appeal, served upon appellant. This action on the part of respondent in appointing an attorney rendered it unnecessary for appellant to give the notice prescribed in section 286, *supra.* (*Nicol* v. *San Francisco,* 130 Cal. 288, [62 Pac. 513].) Appellant, therefore, had six days remaining from and after February 16, 1910, within which to file its points and authorities. This period expired on February 22d, which, being a holiday (Code Civ. Proc., sec. 10), should be excluded in the computation (Code Civ. Proc., sec. 12), thus extending the time to February 23, 1910, on which date the points and authorities were filed. Under the circumstances of this case they were filed in time.

The motion to dismiss is denied.

Allen, P. J., and Taggart, J., concurred.