[S. F. No. 8674. In Bank.—March 13, 1918.]

E. K. SPOTTON, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

BILL OF EXCEPTIONS—MANDAMUS TO COMPEL SETTLEMENT—WRIT NOT ISSUED WHEN NO APPEAL PENDING.—A writ of mandate to compel the settlement of a bill of exceptions will not issue unless there is an appeal on which the bill could be used.

MANDAMUS—WRIT WILL NOT ISSUE USELESSLY.—A writ of *mandamus* will not issue where it would be of no benefit to the applicant or to enforce a mere abstract right without substantial benefit to the petitioner.

APPEAL—EXPIRATION OF TIME.—Where judgment of the superior court was entered December 16, 1916, and an order denying a motion for new trial was entered February 10, 1917, an appeal from the judgment taken March 13, 1917, was one day too late under section 939 of the Code of Civil Procedure, limiting the time for appeal to thirty days after the entry in the trial court of the order of denial.

ID.—MOTION TO SET ASIDE JUDGMENT.—The pendency of a motion to set aside a judgment and enter a different judgment on the findings of fact under sections 663 and 663a of the Code of Civil Procedure does not extend the time within which an appeal from the judgment

must be taken, such motion not being a proceeding on motion for a new trial, and a separate appeal being given by law from an order made under said sections 663 and 663a.

APPLICATION for Writ of Mandate to be directed to the Superior Court of the City and County of San Francisco and to James M. Troutt and John T. Nourse, Judges.

The facts are stated in the opinion of the court.

C. R. Baender, for Petitioner.

THE COURT.—This is an application for a writ of mandate to compel the settlement of a bill of exceptions to be used on appeal from final judgment. Unless there is an appeal on which the bill of exceptions can be used, mandate will not issue, for such a writ will not issue where it would be of no benefit to the applicant, or to enforce a mere abstract right, unattended by any substantial benefit to the petitioner. (*Gay* v. *Torrance,* 145 Cal. 147, [78 Pac. 540].) The only appeal as to which it is suggested that the bill of exceptions could be used is an alleged appeal from a final judgment. The learned judge of the trial court concluded that this attempted appeal was not taken within the time allowed by law, and we are satisfied that he was right in so concluding. The final judgment was entered December 16, 1916. An order denying petitioner's motion for a new trial was entered February 10, 1917. The time for appeal from the judgment was limited to thirty days after entry in the trial court of such order of denial. (Code Civ. Proc., sec. 939.) The appeal was not taken until March 13, 1917, which was one day too late. Petitioner's claim is that the time was further extended by the pendency of a motion made under sections 663 and 663a of the Code of Civil Procedure for the setting aside of the judgment and the entry of another and different judgment on the findings of fact. This motion was not decided until some time in March, 1917. Such a motion is not a proceeding on motion for new trial, and the pendency of such a motion is altogether immaterial in determining the time within which an appeal must be taken. That question is determined in clear and unambiguous terms by the provisions of section 939 of the Code of Civil Procedure, and the proceeding on motion for new trial therein referred

to is the proceeding covered by sections 656 to 660 of the Code of Civil Procedure. Our law gives a separate appeal from an order made by the court on the motion referred to in sections 663 and 663a of the Code of Civil Procedure.

The application for a writ of mandate is denied.