[Civ. No. 2603.   First Appellate District, Division One.—December 31, 1918.]

MATTIE BIDWELL et al., Respondents, v. SONOMA COUNTY TRANSPORTATION COMPANY (a Corporation), Appellant.

NEW TRIAL—TIME TO PASS UPON MOTION—HOLIDAY—CONSTRUCTION OF CODE.—The three months' limitation on the power of the court to pass upon a motion for a new trial, fixed by section 660 of the Code of Civil Procedure, is not extended if the last day falls on a holiday, section 12 of the same code having no application in such case.

APPEAL from an order of the Superior Court of Sonoma County, vacating and setting aside an order granting a new trial.   Emmett Seawell, Judge. . Affirmed.

The facts are stated in the opinion of the court.

E. F. Conlin and R. L. Thompson for Appellant.

Ware & Ware for Respondents.

LENNON, P. J.—Action for damages for personal injuries suffered by plaintiff, Mattie Bidwell, wife of S. J. Bidwell, coplaintiff, and for consequential injury flowing therefrom to the latter.

The action was tried by a jury and resulted in a verdict for plaintiffs, which was rendered March 11, 1916.   The defendant made a motion for a new trial.   The order granting it was filed June 13, 1916.   This order was signed by the judge of the trial court on the previous day, and was on said day delivered by him to the shorthand reporter of the court

with instructions to file the same on the following day, which was done.   Thereafter plaintiffs moved to set aside said order upon the ground that it was void upon its face, and that the court had no jurisdiction to make the same, for the reason that it was made more than three months after the entry of the verdict.   This motion was granted, and defendant appeals.

The appellant contends that the trial court had no power to set aside its order granting a new trial, and that the remedy of the party aggrieved was by appeal, citing numerous authorities in support of the principle.   Respondents admit the validity of the authorities cited, but contend that an exception to the rule therein announced exists in the case of an order void upon its face.   (*People* v. *Greene,* 74 Cal. 405, [5 Am. St. Rep. 448, 16 Pac. 197] ; *Kreiss* v. *Hotaling,* 96 Cal. 617, [31 Pac. 740] ; *People* v. *Davis,* 143 Cal. 675, [77 Pac. 651] ; *Carpenter* v. *Superior Court,* 75 Cal. 598, [19 Pac. 174].)   Respondents, in support of the order appealed from, contend that the order granting the new trial was void because not filed within three months from the entry of the verdict (Code Civ. Proc., sec. 660), which period of time according to their contention expired on June 11, 1916.   Against this contention it is urged by appellant that as June 11th fell upon Sunday the court, under the provisions of section 12 of the Code of Civil Procedure, had until and including the following day within which to make the order.

That section provides:

"The time in which any act provided by law is to be done is computed by excluding the first day and including the last, unless the last day is a holiday, and then it is also excluded."

The law relative to the duty and power of the court to pass upon a motion for a new trial is found in section 660 of the Code of Civil Procedure, which, at the time the motion here in question was pending, provided:

"The motion for a new trial must be heard at the earliest practicable time. . . . The hearing and disposition of the motion . . . shall have precedence over all other matters except criminal cases, probate matters and cases actually on trial, and it shall be the duty of the court to determine the same at the earliest possible moment.   The power of the court to pass on motion for new trial shall expire within three months after

the verdict of the jury or service on the moving party of notice of the decision of the court. If such motion is not determined within said three months, the effect shall be a denial of the motion without further order of the court.

A careful consideration of the language of these two sections leads us to the conclusion that section 660 is not affected by the provisions of section 12, and that the three months' period during which a court has power to pass upon a motion for a new trial is not extended if the closing day thereof should fall upon a holiday. The clause in section 660 reading, "The power of the court to pass on motion for new trial shall expire within three months after the verdict," etc., undeniably gives to the court three months within which it may do so; and if nothing more were said there would be little reason for holding that this period is not extended by one day, conformably to the provisions of section 12, in the contingency mentioned in said section. But section 660 goes much further, and specifically provides that if the court shall not have acted on the motion within the three months' period the motion is *ipso facto* denied. Without adverting to the evident intent of the legislature in enacting this section that the utmost speed shall be observed in deciding the motion, and that the three months' period within which to perform the act is not given in affirmative terms, but the act is required to be performed at the earliest possible moment, with a limitation of three months in which to do it, it is sufficient to apply the established principle of construction of statutes, namely, that the specific prevails over the general, to arrive at the conclusion that section 660 is not affected by section 12. The latter section is general in its terms as applied to the time within which an act may be performed; but section 660 is specific as to the time within which the court may pass upon a motion for a new trial, and in the most positive terms confines the power of the court to perform that particular act to the period named, and going even further, provides that failing action by the court within said time the motion is automatically deemed denied. We think the conclusion unavoidable, not only by the application of the principle of construction of statutes above adverted to, but by the whole tenor of section 660, that section 12 has no application thereto.

What we have said thus far is addressed to the proposition advanced by appellant that a decision of the motion for a new

trial was in time if made on June 12th; but it appears from the bill of exceptions that this decision was in writing, and although signed by the judge of the trial court on June 12th, was not filed on that day, but was left by the judge in charge of the shorthand reporter of the court, with instructions to file it on the following day, June 13th—a date admittedly beyond the jurisdictional period.

It is apparent that during the time that the written order was in the possession of the shorthand reporter it was under the control of the judge, and that up to the time of its actual filing no judicial act with relation to the decision of the motion for a new trial had been performed. The decision thereon at most was a matter within the breast of the judge. This is not a case where the omission to file the order on the 12th was by inadvertence or in disregard of the court's instructions. The facts show that if the reporter had filed the order on the 12th, he would have violated the directions given to him. In the matter of his possession of this order, and his assumed obligation to file it, the reporter was not discharging any duty placed upon him by law, and was in no different situation than any other messenger who might have been selected by the judge. We think the conclusion is not to be avoided that the judicial action of the court upon the motion for a new trial was not taken until June 13, 1916, a point of time admittedly too late.

The respondents raise another point, namely, that the bill of exceptions upon which the present appeal is based was not presented to the judge for settlement within the time prescribed by law, and that this court, cannot, therefore, consider it. In view of the conclusion we have reached upon the questions discussed it will not be necessary to formally consider this point. Although it may be meritorious we have in effect overruled it by considering the appeal upon the merits.

For the reasons heretofore given the order is affirmed.

Kerrigan, J., and Beasly, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 27, 1919.

All the Justices concurred.