[Civ. No. 2235.   Third Appellate District.—May 11, 1921.]

## MARTIN VOINICH et al., Appellants, v. A. W. POE, County Clerk, etc., Respondent.

[1] NEW TRIAL — TIME FOR PASSING UPON MOTION — EXTENSION BY STIPULATION.—The provision of section 660 of the Code of Civil Procedure limiting the time for passing on a motion for a new trial is mandatory and jurisdictional, and the parties cannot by stipulation extend the statutory period of limitation.

[2] APPEAL—DEATH OF ATTORNEY—TIME.—The time for taking an appeal from a judgment is not extended by the death of the attorney for the appellant, since section 286 of the Code of Civil Procedure is inapplicable, as the proposed appeal was not a "proceeding" against the appellant but one against the respondent.

[3] ID.—PREPARATION OF TRANSCRIPT—MANDAMUS.—A writ of mandate will not lie to compel the preparation of a clerk's transcript where the time within which the appeal may be taken has expired.

APPEAL from a judgment of the Superior Court of Calaveras County.   J. A. Smith, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Joe Huberty for Appellants.

Snyder & Snyder for Respondent.

BURNETT, J.—On February 1, 1917, a complaint was filed in the superior court of Calaveras County, wherein Rose Rolleri was plaintiff and Martin Voinich, Nick Voinich, Mitchell Voinich, and Pave Voinich were defendants. The cause came on regularly for trial on June 28, 1918, Messrs. Snyder and Snyder appearing as attorneys for the plaintiff and Will A. Dower as attorney for said defendants. Judgment was entered in said action on the first day of October, 1919, in favor of the plaintiff therein, and notice thereof was served upon the defendants and filed with the clerk on October 10, 1919. On the twentieth day of said month the said defendants caused to be served and filed their "notice of intention to move for a new trial." On account of the illness of Mr. Dower, said attorney for the defendants, the parties entered into certain stipulations for the continuance from time to time of the hearing of said motion, the last stipulation being as follows:

"It is stipulated and agreed by and between the respective parties to the above-entitled action that the hearing of defendants' motion for new trial may be continued to and including the 25th day of February, A. D. 1920, at the hour of 10 o'clock A. M. or as soon thereafter as counsel can be heard.

"Dated this 9th day of February, 1920.

"Snyder & Snyder,
"Attorneys for Plaintiff."

The day this stipulation was signed and filed the said Will A. Dower died, and on June 8th following said defendants, petitioners herein, without any written notice or request by the adverse party, appointed Joe Huberty, Esq., as their attorney, for the purpose of seeking relief from said judgment in favor of said Rose Rolleri. On said June 8th said Huberty, as attorney for said defendants, caused to be filed with A. W. Poe, clerk of said superior court, substitution of attorney for said defendants, notice

of appeal and the necessary undertaking to perfect the appeal in said cause. The following day, June 9th, notice to the clerk was filed, requesting and directing him, as county clerk, to make up and prepare, for the purposes of appeal, a full and complete transcript of all the records and proceedings in said action. Said clerk refused, and ever since has refused, to comply with said notice. Thereupon, said defendants, as petitioners herein, began an action in said superior court for a writ of mandate to compel said Poe, as clerk of said court, to prepare said transcript. A demurrer to said petition, or complaint, was interposed by said Poe and sustained by the court, and from the judgment following said order this appeal has been taken.

[1] The first question is whether the stipulation of the parties was operative to keep alive the motion for a new trial. Section 660 of the Code of Civil Procedure provides: "The power of the court to pass on motion for new trial shall expire within three months after the verdict of the jury or service of the moving party of notice of the decision of the court. If such motion is not determined within said three months, the effect shall be a denial of the motion without further order of the court." It cannot be doubted that this provision is mandatory and jurisdictional. The trial court has no legal power to grant a motion for a new trial after the expiration of the time limited by said statute. It is equally plain that, if the court fails to act upon the motion within said period, by operation of law said failure is equivalent to a denial of the motion on the last day of said three months. If there were any doubt about the meaning of that statute it would be set at rest by the decision of the supreme court in *Lancel* v. *Postlethwaite,* 172 Cal. 326, [156 Pac. 486]. Therein it is said: "In other words, a trial court is empowered to grant a new trial, upon a motion duly made to that end, at any time within three months after the verdict of the jury or service on the moving party of notice of the decision of the court, but not thereafter; and its failure to. determine within such time any such motion regularly made is a denial of such motion and a 'termination in the trial court' within the meaning of section 939 of the proceedings in such motion." Said section 939 of the Code of Civil Procedure provides: "An appeal may be taken from any judgment or order of a

superior court from which an appeal lies under any provision of this code or of any other code, or under any other statute, within sixty days from the entry of said judgment or order. . . . If proceedings on motion for a new trial are pending, the time for appeal from the judgment shall not expire until thirty days after entry in the trial court of the order determining such motion for a new trial, or *other termination in the trial court of the proceedings upon such motion.*"

In *Bidwell* v. *Sonoma County Transp. Co.*, 39 Cal. App. 330, [178 Pac. 722], the question arose whether said section 660 was affected by section 12, providing for the exclusion of the last day in which an act may be done if that falls on a holiday. In holding that said section 12 does not qualify said section 660, the court said: "The latter section [sec. 12] is general in its terms as applied to the time within which an act may be performed; but section 660 is specific as to the time within which the court may pass upon a motion for a new trial, and in the most positive terms confines the power of the court to perform that particular act to the period named, and, going even further, provides that failing action by the court within said time the motion is automatically deemed denied."

The trial court's authority being thus limited, it manifestly cannot be extended by any stipulation of the parties. (*Land* v. *Johnston*, 156 Cal. 253, [104 Pac. 449]; *Marin M. W. Dist.* v. *North Coast Water Co.*, 178 Cal. 324, [173 Pac. 473].) The foregoing decisions reassert the familiar principle that jurisdiction cannot be conferred by consent. In the former it is said: "Statutes limiting the time of appeal are jurisdictional and mandatory, and as the time within which a notice of appeal may be filed is fixed by law it cannot be enlarged by stipulation of the parties or order of court."

[2] The motion for a new trial in the case of *Rolleri* v. *Voinich et al.* having been automatically denied on January 10, 1920, an appeal from the judgment therein in order to be effective had to be taken on or before February 9, 1920, unless the time was extended by reason of the death of the attorney for the defendants; and that brings us to the second question in the case.

It is the claim of appellants that the time was thus extended by virtue of section 286 of the Code of Civil Procedure, providing: "When an attorney dies, . . . a party to an action, for whom he was acting as attorney, must, before any further proceedings are had against him, be required by the adverse party by written notice, to appoint another party, or to appear in person." Under a fair construction of this section, since Mr. Dower was the attorney for the defendants in said action and since he died on the last day in which an appeal could be taken if he were living, the plaintiff would have been required to serve said notice before taking any further proceedings in the case against said defendants. But the section has no application here for the simple reason that said plaintiff took no further proceedings against said defendants. Plaintiff had already secured her judgment and had the benefit of the denial of the motion for a new trial made by the defendants. The proposed appeal was not, of course, a proceeding against the defendants, but a proceeding by the defendants against the plaintiff.

If any authority were needed for a proposition that seems so plain, we may find it in the decision of the supreme court in *Larkin* v. *Superior Court,* 171 Cal. 719, [Ann. Cas. 1917D, 670, 154 Pac. 841]. The question arose over a motion to dismiss an action because not brought to trial within five years, as provided by section 583 of the Code of Civil Procedure. Plaintiff claimed that the five-year period was extended by reason of the death of said plaintiff's attorney, but the supreme court, in commenting upon said section 286, said: "Clearly, this section has no application here. It means no more than it plainly says, viz., that no *proceedings* may be had against him, no judgment or order or other step in the action taken until he appoints an attorney, unless the prescribed notice be first given. The mere running of this five-year period, which had commenced to run prior to the death of Mr. Isaacs, was not a 'proceeding' had against the plaintiff, even under the very liberal definition given that term as used in section 473 of the Code of Civil Procedure in *Stonesifer* v. *Kilburn,* 94 Cal. 43, [29 Pac. 332]."

With equal propriety it may be said herein that the running of this thirty-day period in which an application could

be taken by Mr. Dower's clients was not and could not be extended by his death.

It is further to be observed that in the Larkin case the supreme court expressed disapproval of the construction placed upon said section by the district court of appeal of the second district in *Troy Laundry Co.* v. *Drivers' Co.,* 13 Cal. App. 115, [109 Pac. 36].

[3] It necessarily follows that the notice of appeal filed by petitioners herein on June 8, 1920, was entirely ineffectual and the appellate court would be without jurisdiction to review the cause upon its merits. The transcript, therefore, would be of no benefit to petitioners, and the court would not compel the clerk to perform the wholly idle and useless act of preparing a transcript that could not be available. In *Spotton* v. *Superior Court,* 177 Cal. 719, [171 Pac. 801], it is said: "This is an application for a writ of mandate to compel the settlement of a bill of exceptions to be used on appeal from final judgment. Unless there is an appeal on which the bill of exceptions can be used, mandate will not issue, for such a writ will not issue where it would be of no benefit to the applicant, or to enforce a mere abstract right, unattended by any substantial benefit to the petitioner. (*Gay* v. *Torrance,* 145 Cal. 147, [78 Pac. 540].)"

We think there is no doubt that the lower court was right in sustaining a demurrer to the petition, and the judgment is therefore affirmed.

Hart, J., and Finch, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 7, 1921.

All the Justices concurred, except Wilbur, J., who was absent.