[Civ. No. 4649.   Third Appellate District.—April 11, 1932.]

H. W. ZAGOREN, Petitioner, v. HARRY W. HALL, County Clerk, etc., Respondent.

H. W. Zagoren, *in pro. per.*, and James F. Gaffney for Petitioner.

Neil McAllister, District Attorney, and Devlin & Devlin & Diepenbrock for Respondent.

PRESTON, P. J.—This is a petition for a writ of *mandamus* to require the county clerk of Sacramento County to issue an execution under the provisions of section 1230 of the Probate Code, to satisfy an order for the payment of attorney's fees which were allowed for his services in behalf of an estate.

The respondent is county clerk of Sacramento County. The petitioner was an attorney for the estate of Louis W. Myers, deceased. This estate, which was appraised at over $1,000,000, is now in process of probating. The petitioner was paid from the estate the sum of $5,250 on account of his fees for legal services performed. June 4, 1929, before the completion of the probating of the estate, the petitioner's relationship as attorney for the estate was terminated. In

January, 1931, he petitioned the court for a further allowance of attorney's fees under the provisions of section 1616 of the Code of Civil Procedure, as it existed before the adoption of the Probate Code. March 18th the court made an order for the further allowance of $4,000 as attorney's fees. No part of this sum had been paid. The estate was greatly encumbered. The assets of the estate are exhausted. April 2d the petitioner procured the issuance of an execution to satisfy the order for attorney's fees last mentioned. Upon motion that execution was quashed by the superior court. No appeal was taken from the order recalling the execution. Subsequent demand for execution was refused by the respondent. A peremptory writ of *mandamus* is sought in this proceeding to compel the respondent to issue an execution in the matter of the estate of Myers, deceased, to satisfy the order for payment of attorney's fees.

A former petition for a writ of *mandamus* to require the issuance of an execution to satisfy this order for $4,000 attorney's fees against the administrator of the Myers' estate, personally, was denied. (*Zagoren* v. *Superior Court,* 117 Cal. App. 548 [4 Pac. (2d) 279].) The facts upon which this petition is based are related in that opinion in greater detail.

The petition for a writ of *mandamus* must be denied in the present proceeding for the reason that there is no property in the estate of Myers against which the writ may be levied. It is conceded that there is no property in the estate which is subject to execution, unless the petitioner holds a prior lien on certain real property which was sold upon the foreclosure of a trust deed. It is futile to direct the issuing of an execution unless there is property against which it may be levied. Under the facts of this case it would become an idle act to issue an alternative writ of *mandamus.* It is the invariable rule that a court of equity will refuse to issue a writ of *mandamus* when it is useless, unenforceable or unavailing. (*Spotton* v. *Superior Court,* 177 Cal. 719 [171 Pac. 801]; *George* v. *Beaty,* 85 Cal. App. 525 [260 Pac. 386]; *Voinich* v. *Poe,* 52 Cal. App. 597 [199 Pac. 74]; *Gay* v. *Torrance,* 145 Cal. 144 [78 Pac. 540]; 38 C. J. 551, sec. 23.)

In spite of the present depleted condition of the estate, petitioner contends that he holds a valid subsisting

lien upon certain real property belonging to the estate against which an execution will operate. He asserts this lien was created by recording pursuant to section 674 of the Code of Civil Procedure, in the office of the county recorder of Sacramento County, on April 30, 1931, a certified copy of the order of the court for the payment of the sum of $4,000 as attorney's fees. With relation to this feature of the transaction, the facts appear as follows: The petition for attorney's fees was presented to the court in January, 1931. It was submitted and taken under advisement by the court. March 18th the court filed its written opinion in that matter, reciting certain facts and citing authorities. This opinion concluded with the following language: "*Let an order be entered* allowing petitioner, against and out of said estate and in payment of legal services rendered therein, the sum of $2,000 for ordinary services, and the sum of $2,000 for extraordinary services." A certified copy of this opinion was recorded with the county recorder April 30th, on the assumption that this document constituted the order and judgment of the court. It is the recording of this document which the petitioner claims established a lien upon the land in question. Following the directions of the court above quoted, and on the same date, the customary minute order was duly entered in the clerk's minutes of court allowing the petitioner said sum of $4,000 as attorney's fees as directed by the court. A copy of this order was not recorded in the office of the county recorder.

As security for an obligation due from the estate of Myers to the California Trust and Savings Bank, of Sacramento, a trust deed upon specific real property was duly executed to the bank as beneficiary thereof to secure the payment of a promissory note in the sum of $167,000. For default of the terms of the trust deed, it was subsequently duly foreclosed and the bank became the purchaser of the property. The petitioner in this *mandamus* proceeding claims this real property was purchased by the bank subject to his prior lien which was acquired by virtue of recording the court order for attorney's fees pursuant to section 674, *supra*. This statute provides, "An abstract of the *judgment* or *decree* of any court of record of this state, . . . certified by the clerk of the court where such judgment or decree was rendered, may be filed with the recorder of any county and from such fil-

ing the judgment or decree becomes a lien upon all the real property of the judgment debtor, not exempt from execution, in such county, owned by him at the time. . . . ''

The recording of the *judgment* or *order* of the court, and not a mere opinion or decision of the court is required to create a lien upon real property. It seems clear that the petitioner in the present case recorded a mere certified copy of the opinion directing the entry of an order for counsel fees. The document which was recorded is in the usual form of an opinion, which reviews the facts, cites authorities and then directs that an order be entered accordingly. The language quoted above does not state that the court presently orders an allowance of fees. It says: ''Let an order be entered'', etc. It clearly directs and contemplates that an order will be subsequently entered in accordance with the directions therein contained. The most that can be said of this document is that it may constitute a decision allowing attorney's fees. Evidently it is not the judgment or order of the court, the recording of which creates a lien upon real property. For this reason we are impelled to hold a lien was not created against the property which was purchased by the bank.

It is conceded there is no other property belonging to the estate against which an execution may be levied.

The petitioner contends that the order of court allowing attorney's fees for legal services in the probating of an estate is a judgment in contemplation of section 1616 of the Code of Civil Procedure, which section provides that ''such payment shall be forthwith made'', so as to entitle him to an execution under the provisions of section 1230 of the Probate Code, formerly section 1716 of the Code of Civil Procedure, to satisfy the judgment. It is doubtful whether an order for attorney's fees which is procured in an estate pursuant to section 911 of the Probate Code constitutes a judgment which authorizes the issuance of an execution for its satisfaction under section 1230 of that code. The last-mentioned section which authorizes the issuance of an execution to enforce the judgment should be confined to formal trial where issues are joined, and which require the adoption of formal findings of facts or a trial by jury. A petition for the allowance of attorney's fees under section 911 of the Probate Code, is in the nature of an *ex parte* application and

does not possess the characteristics of such formal trial. The allowance of attorney's fees for services in probating an estate merely recognizes the attorney as a creditor of the estate entitling him to be paid from the assets of the estate in the course of administration. ■ To be sure his claim is classified by the provisions of section 950 of the Probate Code under the heading of expenses of administration among the first obligations which are entitled to be paid. This does not mean he may take out an execution and sacrifice the assets of an estate to the detriment of all other creditors. The final provisions of section 911 of the Probate Code that "such payment (for attorney's fees) shall be made forthwith", should be construed to mean that prompt payment shall be made when there are available funds in the estate from which the obligation may be satisfied. ■ When an estate possesses available funds with which to pay attorney's fees which have been allowed, and the administrator or executor fails or refuses to comply with the order, adequate remedy exists either by citation or by resorting to the provisions of section 954 of the Probate Code. (*Zagoren* v. *Superior Court*, 117 Cal. App. 548 [4 Pac. (2d) 279].) There is no finding in the present proceeding that the estate contained available funds with which to pay the claim. In fact it is conceded available funds did not exist in the estate.

■ Finally, it appears that an execution was formally issued in the *Matter of the Estate of Myers*, at the request of this petitioner, to enforce this same claim of attorney's fees. Upon proceedings duly had in the Superior Court of Sacramento County, that execution was recalled and quashed. That proceeding clearly involved the legal authority to levy an execution against the property in the estate of said deceased for the satisfaction of this order for attorney's fees. This petitioner failed to appeal from the order quashing the execution. He thereby waived his speedy and adequate remedy on appeal to determine the asserted right to levy an execution against the assets of the estate, which is the exact question involved in this proceeding. The doctrine of *res judicata* therefore precludes the right to maintain this proceeding for a writ of *mandamus*. (*Creditors Adjustment Co.* v. *Newman*, 185 Cal. 509, 513 [197 Pac. 334].)

The petition for a peremptory writ of *mandamus* is denied.

Thompson (R. L.), J., concurred.

Plummer, J., deeming himself disqualified, did not participate in this decision.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 11, 1932, and an application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 9, 1932.