[S. F. No. 14603. In Bank.—October 23, 1933.]

WILLIAM CRANGLE, Appellant, v. THE CITY COUNCIL OF THE CITY OF CRESCENT CITY et al., Defendants and Respondents; W. J. HARVEY, Intervener and Respondent.

[S. F. No. 14783. In Bank.—October 23, 1933.]

WILLIAM CRANGLE, Appellant, v. THE CITY COUNCIL OF THE CITY OF CRESCENT CITY et al., Defendants and Respondents; W. J. HARVEY, Intervener and Respondent.

240

Mathew Weber for Appellant.

H. A. Postlewaite and Samuel W. Gardiner for Respondents.

CURTIS, J.—This proceeding was instituted in the Superior Court of the City and County of San Francisco, by an alleged property owner of real property situated in Crescent City, Del Norte County, to cancel and set aside a resolution of the City Council of the City of Crescent City, adopted on the twenty-fifth day of September, 1929, awarding to the Pacific States Construction Company a contract for the doing of certain work and improvement under the "Acquisition and Improvement Act of 1925". (Stats. 1925, p. 849, as amended.) No injunction was issued nor applied for to restrain said city or said company from proceeding under said resolution and award to perform said work and improvement. It appears that the contract for said work and improvement was under said resolution awarded to the Pacific States Construction Company and under said contract said company performed and completed said work and improvement and the same has been accepted by said city through its city council and the contractor has been paid in full by the city for the work and labor performed by him under said contract, by the issuance by said city to said contractor of the bonds of said city in accordance with the terms of said Improvement Act. These bonds have been sold for a valuable consideration, and are now in the hands of innocent purchasers who are not parties to this proceeding.

After the filing of the complaint herein, the defendants appeared and filed their answer thereto. The plaintiff thereupon filed an amended complaint, to which the defendants filed an answer. On September 15, 1931, the defendants gave notice of a motion for judgment on the pleadings. This motion was denied by one of the judges of said superior

court, but on its renewal before another member of said court, it was granted, and judgment accordingly was entered in favor of the defendants. From this judgment, the plaintiff has appealed to this court.

While said appeal was pending, the defendants moved to dismiss the same on the ground that the questions involved herein have become moot. This motion is supported by an affidavit of defendant's attorney setting forth the facts hereinbefore recited and which are not controverted. It therefore satisfactorily appears that since the filing of this proceeding in the Superior Court of the City and County of San Francisco, the city council has caused to be completed, under the contract awarded to the Pacific States Construction Company, the work and improvement under the resolution attacked in this proceeding; the contractor has been paid in full for said work and improvement by bonds issued to him by said city as provided by said Improvement Act; and said bonds are now in the hands of innocent purchasers who are not parties to this proceeding. Under section 42 of said act, it is provided: "All bonds issued in pursuance of the provisions of this act shall by their issuance be conclusive evidence of the regularity, validity and legal sufficiency of all proceedings, acts and determinations in any wise pertaining thereto, had or made under this act, and after the same are issued no tax levied or collected for the purpose of paying the principal or interest on said bonds shall be held to be invalid or illegal, or set aside or refunded, by reason of any error, informality, irregularity, omission or defect in any of the proceedings, acts or determinations in any wise pertaining to the issuance or payment of said bonds, nor shall any action or proceeding be thereafter commenced or maintained to cancel or set aside said bonds or to prevent the payment thereof or the levy or collection or enforcement of a tax for such payment."

Appellant does not question the validity and binding effect upon him and all property owners within the district comprising the territory of said city affected by said bond issue of this section of said act. Under this state of facts, nothing can be gained by a decision of this case upon its merits, except possibly the settlement of certain academic questions, which would in no way affect the rights of the parties hereto. Should it be finally determined that the

resolution awarding said contract was invalid and should be canceled and annulled, such an adjudication would not in any way wipe out the improvement already completed, nor would it invalidate the bonds issued in payment of said improvements. The bonds would continue to be a valid lien upon all property in said district, including that claimed by the plaintiff, and the owner thereof would be subject to assessment to pay his proportion of said bonded indebtedness. The appeal should be dismissed as all questions involved herein have become moot.

By dismissing the appeal for the above reason, it becomes unnecessary to decide the effect of the validating act of 1931. (Stats. 1931, p. 375.) Nor is it necessary for us to go into the merits of the appeal. However, we have given some attention to the record on appeal and find that plaintiff has little or no ground of grievance. The fact that this proceeding was commenced in the Superior Court of the City and County of San Francisco instead of in one of the counties adjacent to the county in which Crescent City is situated; that plaintiff's title to the real property of which he claims to be the owner is of dubious validity; that the total assessment against said real property, required to meet all payments due on said bonded indebtedness is small, perhaps not exceeding in all the sum of $100; and that this sum was tendered the plaintiff on condition that he dismiss this action, lends some color to the accusation of the respondents that this proceeding had its inception in a desire to harass and annoy the officials of Crescent City in their efforts to improve the conditions of said city rather than to protect any legal rights of the plaintiff, and that the same purpose and motive that actuated the institution of this action have characterized the acts of plaintiff in prolonging these proceedings through the trial and appellate courts.

For the reason heretofore given, the appeal is hereby dismissed.

Preston, J., Thompson, J., Langdon, J., Seawell, J., and Waste, C. J., concurred.