[Civ. No. 7931. Third Dist. July 2, 1951.]

STANLEY B. ROSCOE, Appellant, v. HARVEY GOODALE
et al., Respondents.

Blaine McGowan for Appellant.

Frank Thompson for Respondents.

SCHOTTKY, J. pro tem.—This is an appeal from an order
denying an alternative writ of mandate and dismissing the
petition therefor. After the briefs had been filed and prior
to the date set for the oral argument, respondent filed a mo-
tion to dismiss the appeal upon the ground that the question
presented has now become moot.

The petition for the writ alleged that the city of Eureka
was organized and exists under a freeholders' charter and
that the respondents are the duly elected councilmen; that
petitioner, appellant here, is the duly elected, qualified and
acting city engineer and also a qualified and registered civil
engineer; that one Woodcock is the duly elected, qualified and
acting superintendent of public works of the city but is not
a civil engineer nor registered with the state board under
the Business and Professions Code. Said petition alleged fur-

ther that section 60 of the charter provides, among other things, that the city engineer shall "Make all surveys, inspections and estimates required by the Council. . . . He shall examine all public work done under contract, and report thereon in writing to the Council"; and that section 163 of the charter provides in part that "The Superintendent of Public Works shall have supervision of the construction . . . of all public utilities or public enterprises of every kind and nature, . . . not in this Charter assigned to another Department . . ."; that at an election held in 1949 the electors of the city voted bonds in the sum of $800,000 for improvement of the sewer system and $1,200,000 for the improvement of the water system and for the reconstruction of parts of both systems; that in accordance with the bond election the council entered into a contract with Baldwin and Straub for the construction, repair and reconstruction of parts of the water system for $167,348.70, and Baldwin and Straub actually entered into the work and did actually dig up parts of Harris Street and installed certain pipes, and petitioner supervised and inspected the work; that petitioner, as city engineer, on April 18, 1950, submitted a written report setting forth in detail the defective work being done and pointing out where the plans and specifications had not been followed; that on April 18, 1950, after receiving the report, the council passed Resolution No. 3958 by a four to one vote, authorizing the superintendent of public works to appoint all supervisors and inspectors necessary in connection with the sewer and water project and fixing the rates of wages for said employees appointed by him; that the work of inspections on the project is engineering work and calls for the skilled and professional ability of an engineer to read blueprints, plans and specifications, and the application thereof to the work being performed; that petitioner is informed and believes and therefore alleges, that the superintendent of public works has or will assume to perform such engineering work, notwithstanding he is not registered as such; that by the resolution the council attempted an engineer and not skilled in engineering work and not to "deprive said City Engineer [petitioner] from his duties" required by section 60, subdivision 1, of the charter and place those duties in the office of Superintendent of Public Works; that the council attempted to evade the provisions of the charter by establishing rates to be paid for inspectors and no funds were established for such inspectors; that the council exceeded its authority in the further respect that it placed

upon the Superintendent of Public Works the duty of doing civil engineering work contrary to the Business and Professions Code and contrary to the charter provisions that the Superintendent of Public Works should not do or perform duties assigned to another department, and that the duties under consideration are assigned to the Department of Engineering; that after the resolution was passed, petitioner, in writing, demanded of the council and each member thereof that they rescind the resolution, a copy of which demand is attached to the petition; that the demand was argued before the council and denied.

Petitioner prayed for an alternative writ of mandate ordering and directing respondents to rescind said Resolution 3958 and to provide funds and fix the number of inspectors for said water and sewer project, and their compensation.

The trial court in denying the petition held that "the Charter provisions construed together, coupled with the allegations of the petition, fail to show a refusal to perform any clearly established duty owing to petitioner, and by proper construction affirmatively show the vesting of discretion in the Council, and no abuse in the exercise thereof."

The appeal on the merits presents an interesting question and has been ably presented by counsel in their briefs. But as we have concluded that the motion to dismiss the appeal, upon the ground that the question has now become moot, should be granted, we deem it unnecessary to decide this question.

It appears, without contradiction, from the documents and records filed in support of the motion to dismiss the appeal, that the contract and work referred to in the resolution and petition have been completed and accepted and paid for by the city of Eureka, and that even if we should agree with the main contention of petitioner and appellant, there is nothing that could be accomplished now by the issuance of a writ of mandamus. As this court said in *Zagoren* v. *Hall*, 122 Cal. App. 460, at page 462 [10 P.2d 202] : "It is the invariable rule that a court of equity will refuse to issue a writ of *mandamus* when it is useless, unenforceable or unavailing. (*Spotton* v. *Superior Court*, 177 Cal. 719 [171 P. 801]; *George* v. *Beaty*, 85 Cal.App. 525 [260 P. 386]; *Voinich* v. *Poe*, 52 Cal. App. 597 [199 P. 74]; *Gay* v. *Torrance*, 145 Cal. 144 [78 P. 540]; 38 C.J. 551, sec. 23.)" See, also, *Crangle* v. *City Council of Crescent City*, 219 Cal. 239 [26 P.2d 24]; *Chambers* v. *Ashley*, 33 Cal.App.2d 390 [91 P.2d 932].

We conclude, therefore, that the question presented upon this appeal has become moot, and that the appeal should be and is hereby dismissed.

Peek, J., and Van Dyke, J., concurred.