Filed 7/3/25  Lopez-Farooq v. Breckenridge Property Fund 2016 CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| MYLENE LOPEZ-FAROOQ, et al., | B333940 |
| Appellants, | (Los Angeles County Super. Ct. No. PC058000) |
| v. | |
| BRECKENRIDGE PROPERTY FUND 2016, LLC, | ORDER MODIFYING OPINION AND DENYING REHEARING |
| Respondent. | NO CHANGE IN JUDGMENT |

THE COURT:

It is ordered that the opinion filed herein on June 4, 2025, be modified as follows:

On page 3, the penultimate sentence in the fourth paragraph, the sentence "The court awarded Breckenridge $1,810 in attorney fees." is deleted.

There is no change in the judgment.

Appellants' petition for rehearing is denied.

_____

M. KIM, J.          ROTHSCHILD, P. J.          BENDIX, J.

Filed 6/4/25  Lopez-Farooq v. Breckenridge Property Fund 2016 CA2/1 (unmodified opn.)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| MYLENE LOPEZ-FAROOQ, et al., | B333940 |
| Appellants, | (Los Angeles County Super. Ct. No. PC058000) |
| v. | |
| BRECKENRIDGE PROPERTY FUND 2016, LLC, | |
| Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Stephen P. Pfahler, Judge.  Dismissed.

Mylene Lopez-Farooq and Ibrahim Farooq, in propria persona, for Appellants.

Wedgewood, Meghan Turner; The Law Office of Seth P. Cox, Seth P. Cox for Respondent.

_____

Mylene Lopez-Farooq and Ibrahim Farooq appeal from an order denying their motion to vacate the expungement of a lis pendens Lopez-Farooq recorded on real property.  We conclude that because the expungement order is not appealable, the order denying appellants' motion to vacate the expungement is likewise not appealable.  We therefore dismiss the appeal.

## BACKGROUND

### A.    The Lis Pendens

We take the factual and procedural background from appellants' record on appeal, setting them forth only for context, not as a basis for our decision.  For purposes of resolving this appeal, only one fact is pertinent, and it is undisputed: Appellants take their appeal from an order denying their motion to vacate the expungement of a lis pendens.

In September 2017, Lopez-Farooq filed a complaint against several financial entities alleging fraudulent transactions, forgery of bank documents and deeds, and other misdeeds that culminated in the wrongful foreclosure of her residential real property located in Santa Clarita.  The second amended complaint, which added Farooq as a plaintiff, is operative.

On June 21, 2018, Lopez-Farooq recorded a lis pendens on the property.

On May 2, 2022, Farooq filed a proposed lis pendens on the action, but on May 13, 2022, the trial court declined to approve the proposal, finding the action did "not assert a well-plead[ed] real property claim."

On May 5, 2022, Breckenridge Property Fund 2016, LLC (Breckenridge), which was not involved in the underlying dispute, purchased the property at a trustee's sale for $607,000.

2

In August 2022, appellants substituted Breckenridge for Doe No. 1.

In September 2022, Breckenridge specially appeared and moved to expunge Lopez-Farooq's lis pendens pursuant to Code of Civil Procedure section 405.30 ("Application for expungement"), arguing appellants asserted no claim affecting real property or, alternatively, could not prevail on any such claim against Breckenridge.

On March 29, 2023, the trial court dismissed appellants' lawsuit with prejudice.

On April 18, 2023, the trial court found that appellants had no remaining claim on the subject property because the operative second amended complaint had been dismissed with prejudice. Accordingly, the court granted Breckenridge's motion to expunge Lopez-Farooq's lis pendens, and granted Breckenridge's motion to expunge Farooq's lis pendens "to the extent" he had recorded it. (The record does not reflect that Farooq recorded any lis pendens.) The court awarded Breckenridge $1,810 in attorney fees. Neither Lopez-Farooq nor Farooq sought writ relief from this order.

On June 16, 2023, the court entered an order expunging Lopez-Farooq's lis pendens. Neither Lopez-Farooq nor Farooq sought writ relief from this order.

On June 20, 2023, Breckenridge gave notice of the entry of the order expunging the lis pendens.

On July 25, 2023, appellants moved to vacate the expungement pursuant to Code of Civil Procedure section 663 and, according to appellants, "Code of Civil Procedure 473(D) Fraud on the Court."

Appellants argued, among many other things, that dismissal of the second amended complaint did not justify expungement of the lis pendens.  Appellants further argued that Breckenridge recorded a trustee's deed upon sale knowing that its chain of title was infected by fraud, and the trial court erred in dismissing the second amended complaint without granting them leave to amend.

On August 24, 2023, the court rejected all of appellants' arguments and denied their motion to vacate the expungement.  It found that appellants failed to produce evidence documenting forgery in Breckenridge's chain of title and failed to show that the court erred in dismissing the second amended complaint.

Appellants appeal from the August 24, 2023 order denying their motion to vacate expungement.

## DISCUSSION

A threshold issue is this court's jurisdiction to review the challenged order, an issue we consider on our own motion.  (*Olson v. Cory* (1983) 35 Cal.3d 390, 398; *Garcia v. Hejmadi* (1997) 58 Cal.App.4th 674, 680.)[1]

Appellate courts have jurisdiction over a direct appeal, like the present one, only where there is an appealable order or judgment.  (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696.)  Whether an order or judgment is appealable "is wholly statutory."  (*Dana Point Safe Harbor Collective v.*

---

[1] Breckenridge argues the record on appeal is so incomplete as to preclude meaningful review.  We disagree.  Most of the documents Breckenridge finds lacking are in the augmented clerk's transcript.

4

*Superior Court* (2010) 51 Cal.4th 1, 5 (*Dana Point*).) An appeal taken from a nonappealable order must be dismissed for lack of jurisdiction. (E.g. *Youngblood v. Board of Supervisors* (1978) 22 Cal.3d 644, 648.)

Code of Civil Procedure section 904.1 sets forth the general list of appealable civil judgments and orders.[2] (*Dana Point, supra*, 51 Cal.4th at p. 5.) No statute makes expungement of a lis pendens appealable.

On the contrary, section 405.39, pertaining to judicial review of expungement orders, provides, "No order or other action of the court under this chapter [pertaining to expungement relief] shall be appealable. Any party aggrieved by an order made on a motion under this chapter may petition the proper reviewing court to review the order by writ of mandate. The petition for writ of mandate shall be filed and served within 20 days of service of written notice of the order by the court or any party." Thus "an order granting or denying a motion to expunge a lis pendens is not an appealable order." (*Woodridge Escondido Property Owners Assn. v. Nielsen* (2005) 130 Cal.App.4th 559, 577.) The only means of reviewing a trial court's order on a motion to expunge is by writ of mandate. (*Park 100 Inv. Group II v. Ryan* (2009) 180 Cal.App.4th 795, 808.)

Appellants do not appeal from the order of expungement but from denial of their motion to vacate the expungement pursuant to section 663, pertaining to motions to vacate a

---

[2] Undesignated statutory references are to the Code of Civil Procedure.

judgment, and section 473, subdivision (d), pertaining to motions to "set aside any void judgment or order."

But " 'when a judgment or order is not appealable, it cannot be made reviewable by the device of moving to set it aside and appealing from an order denying the motion.  This proposition stems from the rule that forbids a party to do indirectly what he may not do directly.' " (*Spellens v. Spellens* (1957) 49 Cal.2d 210, 228 (*Spellens*).)  Thus, an order denying a motion to vacate a nonappealable order is not itself appealable.

Appellants argue *Jackson v. Kaiser Foundation Hospitals, Inc.* (2019) 32 Cal.App.5th 166 (*Jackson*) sets forth an exception to this rule, holding that " '[w]hile a denial of a motion to set aside a previous judgment is generally not an appealable order, in cases where the law makes express provision for a motion to vacate such as under Code of Civil Procedure section 473, an order denying such a motion is regarded as a special order made after final judgment and is appealable . . . .' " (*Id.* at p. 171.) Appellants argue they moved to vacate the expungement under an express provision for a motion to vacate under section 473, subdivision (d).  Therefore, they argue, pursuant to *Jackson*, appeal may be taken from the order denying the motion to vacate.  Appellants cite several cases where appeal was taken from denial of a motion to vacate an order or judgment.

We have no quarrel with the proposition that appeal may be taken from denial of a motion to vacate an appealable order or judgment.  (*Rooney v. Vermont Investment Corp.* (1973) 10 Cal.3d 351, 358 ["Since the judgment was appealable (§ 904.1, subd. (a)), the order thereafter made denying the motion to set it aside also

satisfies the requirements of an appealable order"].)  But expungement of a lis pendens is not an appealable order.

Nor do we quarrel with *Jackson*'s proposition that in cases where the law makes express provision for a motion to vacate a specific nonappealable judgment or order, such as under subdivision (d) of section 473, an order denying a motion brought under that law is regarded as a special order made after final judgment and is appealable.  But appellants brought no such motion.

It is true that appellants moved to vacate the expungement under section 663, and purportedly under "Code of Civil Procedure 473(D) Fraud on the Court" (presumably referring to subdivision (d) of section 473), arguing the court failed to recognize that Breckenridge's title was precured through a series of fraudulent transactions memorialized by forged documents.

But section 663 authorizes only a motion to vacate an erroneous judgment or decree generally, not a motion to vacate a specific judgment or order within the meaning of *Jackson*.  And fraud on the court is not a ground for relief under subdivision (d) of section 473, which permits only (1) correction of clerical mistakes so as to conform to the court's judgment or order and (2) motions to set aside void judgments or orders.[3]

That appellants styled their motion as authorized by section 473 is not controlling.  Motions turn on their substance,

---

[3] Subdivision (d) of section 473 provides:  "The court may, upon motion of the injured party, or its own motion, correct clerical mistakes in its judgment or orders as entered, so as to conform to the judgment or order directed, and may, on motion of either party after notice to the other party, set aside any void judgment or order."

not on the labels the parties choose to attach to them nor the statutory provisions they elect to cite. (*Sole Energy Co. v. Petrominerals Corp.* (2005) 128 Cal.App.4th 187, 193 [" 'The nature of a motion is determined by the nature of the relief sought, not by the label attached to it' "]; *O&C Creditors Group, LLC v. Stephens & Stephens XII, LLC* (2019) 42 Cal.App.5th 546, 560 ["Like the trial court, we do not find labels to be dispositive and instead look at the substance of the motion"]; *Hudson v. Superior Court* (2017) 7 Cal.App.5th 999, 1011 ["a trial court may disregard the caption of a motion and instead treat it in accordance with the relief it requests"]; Civ. Code, § 3528 ["The law respects form less than substance"].) A motion is not authorized by Code of Civil Procedure section 473 simply because the moving party asserts it under that section.

Looking to the substance of appellants' motion, they did not seek to correct a clerical mistake so as to conform to the court's judgment or order. Clerical error occurs when a document fails to reflect the court's intended ruling. (*People v. Clark* (2021) 67 Cal.App.5th 248, 256.) Appellants did not argue the expungement failed to reflect the trial court's intended ruling; they argued the court failed to recognize forgery in Breckenridge's chain of title. But any error in doing so resulted from the court's exercise of discretion, which would have been "judicial rather than clerical in nature" (*People v. Karaman* (1992) 4 Cal.4th 335, 345, fn. 11), which is unreachable by section 473.

Nor did appellants seek to set aside the expungement as void. An order is void where the court lacks fundamental authority over the subject matter. (See *In re Marriage of Goddard* (2004) 33 Cal.4th 49, 56.) Appellants did not claim that

8

the superior court lacked jurisdiction over the lis pendens expungement proceedings (contra, § 405.30 [application for expungement]), they argued only that the expungement order was obtained through fraud.

A judgment or order could also be void on its face, such as when court records indicate an essential jurisdictional prerequisite is missing. "A judgment 'is considered void on its face only when the invalidity is apparent from an inspection of the judgment roll or court record without consideration of extrinsic evidence.' [Citation.] When a default judgment has been taken, the judgment roll consists of 'the summons, with the affidavit or proof of service; the complaint; the request for entry of default . . . , and a copy of the judgment.' [Citation.] If the invalidity can be shown only through consideration of extrinsic evidence, such as declarations or testimony, the order/judgment is not void on its face." (*Kremerman v. White* (2021) 71 Cal.App.5th 358, 370.) Here, appellants did not assert that court records lacked an essential jurisdictional prerequisite, they asserted that their declarations and documentary evidence established that Breckenridge's chain of title was defective. Because they could show the order was invalid only through such evidence, if at all, the expungement order was not void on its face.

In sum, appellants brought their motion to vacate the expungement order under section 663, which makes no express provision for a motion to vacate an expungement within the meaning of *Jackson*. Although appellants also styled their motion as authorized by subdivision (d) of section 473, it was not, as they asserted none of the predicate grounds for relief under that section, and subdivision (d) of section 473 authorizes no

9

relief on the only ground appellants *did* assert: fraud on the court.  (See *Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 260 ["a judgment or order may be set aside on the ground of [extrinsic] fraud, [extrinsic] mistake or lack of jurisdiction, independent of the remedy found in section 473, Code of Civil Procedure"]; *McGuinness v. Superior Court of San Francisco* (1925) 196 Cal. 222, 231 ["section 473 of the Code of Civil Procedure . . . while providing for relief in cases of 'Mistake, inadvertence, surprise or excusable neglect' does not include 'fraud' among the grounds upon which relief from a void or voidable judgment may be sought under its terms"].)

Therefore, denial of appellants' motion to vacate the expungement is not appealable under *Jackson*.

No authority of which we are aware permits, contrary to our Supreme Court's admonishment in *Spellens*, " 'a party to do indirectly what he may not do directly.' " (*Spellens, supra,* 49 Cal.2d at p. 228.)  Appellants may not, therefore, take an appeal from the nonappealable expungement order "by the device of moving to vacate the order and appealing from a ruling denying the motion." (*I. J. Weinrot & Son v. Jackson* (1985) 40 Cal.3d 327, 331, superceded by statute on another ground as stated in *Calhoun v. Vallejo City Unified School Dist.* (1993) 20 Cal.App.4th 39, 44; see also *Litvinuk v. Litvinuk* (1945) 27 Cal.2d 38, 44 [same]; *Estate of Keane* (1880) 56 Cal. 407, 409 ["it is not permitted to do indirectly what is forbidden to be done directly"].)

None of the authorities appellants rely upon is to the contrary.  We have already distinguished *Jackson.  County of Ventura v. Tillett* (1982) 133 Cal.App.3d 105, 110 involved a motion to vacate a constitutionally invalid judgment.  Each of appellants' other authorities—*Ryan v. Rosenfeld* (2017) 3 Cal.5th

10

124; *Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 662; *County of Alameda v. Carleson* (1971) 5 Cal.3d 730, 736; *Hagge v. Drew* (1945) 27 Cal.2d 368, 372; *Socol v. King* (1949) 34 Cal.2d 292, 293; *Rounds v. Dippolito* (1949) 34 Cal.2d 59, 60; *Funk v. Campbell* (1940) 15 Cal.2d 250; *California Delta Farms, Inc. v. Chinese American Farms, Inc.* (1927) 201 Cal. 201, 202; *Spotton v. Superior Court of San Francisco* (1918) 177 Cal. 719, 720; *Condon v. Donohue* (1911) 160 Cal. 749, 750; and *Bond v. United Railroads of San Francisco* (1911) 159 Cal. 270, 272—involved a motion to vacate an appealable judgment or order. Appellants moved to vacate a *non*appealable order.

Denial of a motion to vacate a nonappealable order is not itself appealable. Because appellants take their appeal only from such an order, the appeal must be dismissed.[4]

## DISPOSITION

The appeal is dismissed.

Respondent is to recover its costs on appeal.

NOT TO BE PUBLISHED

                                        M. KIM, J.

We concur:


    ROTHSCHILD, P. J.                 BENDIX, J.

---

[4] Appellants' motion to correct or augment the reporter's transcript is denied. Corrections to the reporter's transcript must occur in the trial court.

11