(October 21, 1919.)

WILLIAM ADAMSON, Respondent, v. W. G. MOYES and
   FRANK M. WEINHEIMER, Respondents, and AMAL-
   GAMATED SUGAR COMPANY, a Corporation, Appel-
   lant.

### [184 Pac. 849.]

CHATTEL MORTGAGES—SALE OF MORTGAGED PROPERTY—LIEN, WAIVER OF.
   1.   The purchaser of mortgaged personal property takes the title
   free from the lien of the mortgage if the sale was made with the
   express or implied consent of the mortgagee.
   2.   An action for tortious taking of mortgaged personal prop-
   erty cannot be maintained by a mortgagee where the taking was
   with his consent.

   [As to the mortgagee's right of action against third persons, see
   note in 109 **Am. St.** 431.]

APPEAL from the District Court of the Fourth Judicial
District, for Twin Falls County.   Hon. Wm. A. Babcock,
Judge.

Action by cross-complainant to subject the proceeds of mort-
gaged property to the lien of the mortgage.   Judgment for
cross-complainant.   *Reversed.*

T. Bailey Lee, for Appellant.

"A purchaser of mortgaged property takes the title free
from the lien of the mortgage, if the sale was made with the
express or implied consent of the mortgagee."   (7 Cyc. 47,
note 54; *Knollin & Co. v. Jones,* 7 Ida. 466, 468, 63 Pac. 638;
*Saxton v. Breshears,* 21 Ida. 333, 121 Pac. 567.)

To sue in *assumpsit,* conversion must be plead.   (*Lehmann
v. Schmidt,* 87 Cal. 15, 25 Pac. 161; *Fratt v. Clark,* 12 Cal.
89; *Roberts v. Evans,* 43 Cal. 380, cited by *Chittenden v.
Pratt,* 89 Cal. 178, 26 Pac. 626.)

E. L. Ashton, for Respondent Weinheimer.

The taking of the beets by the company was a tort and it substituted its promise, implied by the law, to indemnify the mortgagee for his loss. (*Chittenden v. Pratt,* 89 Cal. 178, 26 Pac. 626; *Bollen v. Wilson Creek etc. Trading Co.,* 90 Wash. 400, 156 Pac. 404.)

The mortgagee did not lose his right by his letter to the company warning it of his mortgage and requiring payment to him. (*Chittenden v. Pratt, supra; Maier v. Freeman,* 112 Cal. 8, 53 Am. St. 151, 44 Pac. 357; *Ziegler v. Ilfeld,* 52 Colo. 275, Ann. Cas. 1913D, 583, 122 Pac. 56.)

If the mortgagee's complaint and the evidence show him entitled to legal relief, he should receive it at the hands of the court, regardless of his prayer. (Pomeroy's Code Remedies, sec. 11, p. *71, and sec. 21, p. *82; *Anderson v. War Eagle Consolidated Min. Co.,* 8 Ida. 789, 803, 72 Pac. 671.)

BUDGE, J.—Respondent Weinheimer owned certain land in Twin Falls county, which he rented to respondent Moyes for the period extending from March 1, 1915, to March 1, 1916, Moyes giving Weinheimer a chattel mortgage for $650 upon the crop to be grown thereon during the season of 1915, upon which Moyes paid the sum of $130.

Respondent Adamson performed work and labor on the crop for Moyes, of the reasonable value of $315, which was not paid when due and a claim of lien was filed therefor.

Moyes sold the beets, which constituted a part of said crop, to the appellant, Amalgamated Sugar Company. Before all of the beets were dug, Weinheimer notified the sugar company of the mortgage, by mail, in a letter which reads as follows:

"Twin Falls, Ida., Oct. 21, 1915.

"Sugar Beet Company,

"Burley, Idaho.

"Gentlemen:

"Mr. Moyes of Murtaugh, Idaho, has my farm rented and when the beets are harvested and you get ready to settle,

please notify me at Twin Falls for I have a mortgage on their (his) crop and it might save trouble in settling up with him if the check is made out to me.

"Resp., F. M. WEINHEIMER."

While the beets were being delivered, Weinheimer's attorney again notified the sugar company of the mortgage and the company replied in writing that Moyes' check would be held subject to Weinheimer's order.

After the beets were delivered to the sugar company, the Utah Implement & Vehicle Company brought an action against Moyes in the probate court of Cassia county, and garnished the sugar company. This action finally went to judgment in favor of the Utah Implement & Vehicle Company, and the sugar company was required, upon proceedings supplementary to execution, to pay over to the sheriff the amount of the judgment in the latter action, $428.35.

Adamson then brought suit to foreclose his laborers' lien, making Moyes, Weinheimer and the sugar company defendants. Moyes defaulted, Weinheimer answered and filed a cross-complaint, and the sugar company answered. The cause was tried before the court. Findings of fact and conclusions of law were filed and judgment entered in favor of Adamson, against Moyes and the sugar company, for the total amount of his claim, attorney fees and costs, and the same declared to be a first lien against the proceeds from the sale of the beets to the sugar company, amounting to $712.17. Weinheimer was given judgment against Moyes for the full amount of his claim, with attorney fees, and against the sugar company for the balance of the proceeds in their hands after deducting the amount of Adamson's judgment, the court having found as a conclusion of law that Weinheimer's mortgage was a second lien against the proceeds of the beet crop. This appeal is from that portion of the judgment which affects the sugar company *in personam.*

It appears that Adamson's claim has been paid. The specifications of error relating thereto, consequently, raise only a moot question and will not be discussed.

The remaining specifications predicate error upon the conclusion of the court that Weinheimer's crop mortgage was a second or any lien against the proceeds in the hands of the company, that Weinheimer was entitled to judgment against the company for such part of the proceeds as remained after payment or deduction of Adamson's judgment, and in entering a personal or any judgment in favor of Weinheimer, against the sugar company.

Although the court's conclusion and decree seem to be predicated upon the theory that the Weinheimer crop mortgage was a lien against the proceeds of the beet crop, the cause of action stated in his cross-complaint is for damages for the wrongful taking by appellant of the property covered by his mortgage without his consent.

Respondent's theory of the nature of his cause of action is concisely stated in the first paragraph of his brief, as follows: "The mortgagee claims that the beets were sold without his consent; that the taking was a tort, and he seeks to have the company indemnify him for his loss." He relies upon the cases of *Chittenden v. Pratt*, 89 Cal. 178, 26 Pac. 626, and *Bollen v. Wilson Creek Union Grain & Trading Co.*, 90 Wash. 400, 156 Pac. 404.

A necessary element of the right to recover upon respondent's cause of action, as alleged in his cross-complaint, is that the mortgaged property was taken without his consent. The evidence in the case, however, shows conclusively that the beets were purchased by appellant with the consent of respondent. Respondent argues that he could waive the tort and sue upon an implied promise to pay as upon conversion of the property, but in order to sustain that theory he must allege and prove a wrongful conversion by appellant.

The judgment against appellant Amalgamated Sugar Company *in personam* is reversed. Costs are awarded to appellant, against respondent Weinheimer.

Morgan, C. J., and Rice, J., concur.