(April 26, 1922.)

L. B. COWAN, Respondent, v. H. M. LINEBERGER,
J. L. NIHART, J. E. GARRITY, E. B. SNELL,
CLARK BENSON and J. H. LOWELL, Constituting
the Board of Directors and Secretary and General
Manager of the GEM IRRIGATION DISTRICT,
Appellants.

[206 Pac. 805.]

IRRIGATION DISTRICT—MAINTENANCE AND OPERATING EXPENSES—HOW
LEVIED AND COLLECTED—WRIT OF MANDATE—WILL NOT LIE TO
COMPEL WATER DELIVERY.

1. By C. S., sec. 4384 et seq., a complete system is provided
for levying assessments against the lands in an irrigation district
to cover maintenance and operating expenses of such district,
making the same a lien upon the lands, and providing for the
enforcement of such lien by the sale of the lands within the dis-
trict.

2. Where an irrigation district is without funds or the nec-
essary credit to pay for delivery of water, a writ of mandate
will not lie to compel a delivery by the district to the water
users, since the courts will not issue a command to municipal of-
ficers which they cannot obey.

APPEAL from the District Court of the Third Judicial
District, for Owyhee County. Hon. Chas. F. Reddoch,
Judge.

Application for writ of mandate. Writ granted, and de-
fendants appeal. *Reversed* and *remanded,* with instruc-
tions to quash.

Roy L. Black, Attorney General, Dean Driscoll, Assistant,
and W. C. Bicknell, for Appellants.

The court erred in holding that the district could not
adopt both methods of collecting the maintenance in their
entireties, and that the district has demanded more than
the toll for water in advance. (C. S., secs. 4346, 4407,

5556; *City of Nampa v. Nampa & Meridian Irr. Dist.,* 19 Ida. 779, 115 Pac. 979; *Adams v. Twin Falls-Oakley L. & W. Co.,* 29 Ida. 357, 161 Pac. 322; *Parrott v. Twin Falls etc. Water Co.,* 32 Ida. 759, 188 Pac. 451.)

Walter Griffiths, for Respondent.

Statutes conferring upon municipal corporations power to levy taxes must be strictly construed. (*Aachen etc. Fire Ins. Co. v. City of Omaha,* 72 Neb. 518, 101 N. W. 3; *Edgerton v. Goldsboro Water Co.,* 126 N. C. 93, 35 S. E. 243, 48 L. R. A. 444.)

The provisions of the statutes for the collection of this assessment clearly show that it is a charge against the land and not against the owner. In case the assessment is not paid the land is sold, but there is no provision for obtaining a judgment against the owner of the land and no method of enforcing the collection out of the personal property of the owner. (*Oregon Short Line R. Co. v. Pioneer Irr. Dist.,* 16 Ida. 578, 102 Pac. 904; *Colburn v. Wilson,* 24 Ida. 94, 132 Pac. 579.)

Richards & Haga, Oppenheim & Lampert and Karl Paine, *Amici Curiae.*

LEE, J.—This is a *mandamus* proceeding commenced by respondents against appellants, who constitute the board of directors, secretary and general manager, respectively, of the Gem Irrigation District, whose property is located in Owyhee county. By agreement of the parties, the action was transferred to and tried in the district court for Ada county.

Respondent, relator, alleges that he is the owner of certain described premises in Owyhee county; that the Gem Irrigation District is a duly organized and existing district under the laws of Idaho, located wholly within Owyhee county; that the individual appellants are the duly elected, qualified and acting board of directors, secretary and manager, respectively, of said irrigation district; that said dis-

trict, since its creation, has supplied water for respondent's land, and is required to do so; that in accordance with its rules and regulations, he made written application before April 1st to be furnished with water for the season of 1922 for the irrigation of his land; that he had done all of the things required of him by law to' be done to entitle him to have water during said irrigation season; that appellants have wrongfully and unlawfully denied plaintiff's application and refused to deliver him water during said season unless he should pay in advance $7.50 per acre for the cost of pumping said water; that the said board of directors have wrongfully fixed the toll charges at said amount to defray the expense of operation, management and repair of said irrigation work for said year, and have made said toll payable on or before the fifteenth day of April, 1922, and have passed a resolution, a copy of which is attached to the complaint, which in effect recites that by the agreement made in April, 1921, between the Idaho Power Company and the Gem Irrigation District for furnishing electrical power for pumping water from the Snake River for said irrigation district, said power company has refused to pump water for the season of 1922 except upon payment being made in advance or satisfactory security given for said pumping charges; that all tolls and charges that are paid in advance or by payment in the way of crop mortgages should be applied as credits upon the maintenance charges assessed in 1921 for the expense of pumping said water in 1922. After alleging that he has no plain, speedy and adequate remedy at law and that appellants would, unless compelled to accept his application, refuse to deliver him water, and that he would be irreparably injured, he prays that they be required to show cause, if any, why a writ of mandate should not issue requiring said board to furnish water.

Appellants answer, admitting the corporate existence of the district and appellants' official capacity, and allege that said irrigation district consists of 28,500 acres of land situated in Owyhee county; that its system of works for

the diversion and distribution of water for irrigation consists of two plants or stations for pumping water from the Snake River; that said water has to be raised 65, 115 and 175 feet, respectively, and pumped into three distributing laterals; that said district has no power of its own, but obtains power for driving said pumps from said Idaho Power Company under a written contract, set out *haec verba* and made a part of the answer. It is further alleged that the board has fixed a rate of tolls and charges for the season of 1922 at $7.50 per acre, and that this amount is required to pay the operating expense, but that said assessment has not been paid, and the expense of pumping water for the years of 1920 and 1921 has not been paid; that said power company has refused to pump water for 1922 until payment has been made or such payment secured by said irrigation district, and that it would not be able to furnish water to the users under said system except to those who would pay or secure the payment of said maintenance expense in advance.

A demurrer to appellants' answer was interposed, on the ground that it did not state a defense, and a motion for judgment upon the pleadings was also made. Both were sustained, and judgment was entered in said cause directing appellants to accept respondent's application, and to supply and deliver him water for the season of 1922, without requiring as a condition precedent payment or security for the cost of such maintenance charge, and also holding that the resolution of said board requiring that such payments be made in advance or secured was invalid and not authorized by law. The writ of mandate was granted as prayed for, from which judgment this appeal is taken.

Title 33 of the Compiled Statutes comprises the irrigation district law of this state, and sections 4384 to 4402 provide a system for the levy and collection of assessments in irrigation districts, somewhat analogous to the collection of general taxes by counties. C. S., sec. 4384, makes the secretary of the board assessor for the district, and requires such assessor on or before the 15th of August of each year to

prepare an assessment-book containing an accurate list of the land in the district, with the names of the persons who own or claim possession or control of the same, and requires the directors on the third Tuesday of August of each year to levy an assessment upon all of such lands for the expense of maintaining and operating the property of such district. These assessments must be spread upon all the lands in the district proportionate to the benefits received growing out of the maintenance and operation of the works. C. S., secs. 4385 and 4386, require the board to give notice and make such changes in the assessment as may be necessary to conform to the facts, and review and correct any assessment upon the request of a person interested therein. C. S., sec. 4388, makes all assessments liens against the property from and after the first Monday in March of each year, and the provisions following provide when the payments shall be delinquent, for the publication of delinquent lists, and sale of the land for assessments not paid, and C. S., sec. 4401, allows redemption to be made at any time within three years from the date of sale. It thus appears that more than four years may elapse after assessments are levied before title to the lands can pass by sale of the same for delinquent assessments, and if the water users in an irrigation district for any reason allow their assessments to become delinquent, it may result in leaving the district without funds available for the payment of operating expenses, and this appears to be the condition of this district. The water users have not paid their assessments for 1920, 1921 and 1922, and the company supplying power for pumping this water refuses to do so for the present season unless it is paid for such services or security is given to insure such payment, and the district is therefore without means for meeting this expense unless some more drastic method is provided for.

If we understand the respective positions and contentions of the parties to this action, as well as that of the several attorneys who have appeared *amici curiae,* the purpose of it is to have a judicial determination of the question of

what additional power is given to the board of directors of an irrigation district for providing funds to pay the maintenance and operating expenses for the delivery of water in advance of such delivery, under the provisions of C. S., sec. 4407, where the board has been unable to collect the assessments levied under the statutes referred to in time to meet the expense of such delivery in any given season. The contention seemingly is that the levy and collection of tolls under C. S., sec. 4407, was intended to be a cumulative remedy, given to the board in an irrigation district to enable it to meet such a contingency as here exists by reason of the water users in the district failing to pay their assessments with sufficient promptness to provide the district with the necessary funds or credit to meet the maintenance and operating expenses of a delivery of water during the present season. Accordingly, an opinion was prepared attempting to construe this section, although it was clear that under the issues presented by the pleadings, this consideration was not necessary to the conclusion arrived at, but as a majority of the court think that a consideration of this section should not under the issues as tendered by the pleadings be given further attention, that part is eliminated.

The answer alleges a state of facts which shows that the district is without funds or credit necessary to pay the maintenance and operating expenses during the present season, because the assessments of previous years have not been paid, and the demurrer to the answer admits all of said facts so pleaded. It is clear that where an irrigation district is without funds or the necessary credit to pay for the delivery of water, a writ of mandate against the board of directors will not lie to compel a delivery of water to the users, since courts will not issue a command to the officers of a municipal corporation which such officers cannot obey. It necessarily follows that the judgment of the court below must be reversed, the writ quashed, and the application dismissed, and it is so ordered.

Rice, C. J., and Budge, McCarthy and Dunn, JJ., concur..