(No. 5122.    October 15, 1927.)

DETWEILER MERCANTILE COMPANY, a Corporation, Petitioner, v. The Honorable WILLIAM A. BABCOCK, Judge of the District Court of the Eleventh Judicial District, in and for Twin Falls County, et al., Defendants.

[260 Pac. 162.]

Mandamus — Injunctive Relief — Disappearance of Substance of Controversy—Moot Question not Considered.

   Where, after temporary injunction restraining school board from accepting a bid and paying for a certain quantity of coal had been dissolved, coal was purchased and paid for, substance of controversy disappeared, only a moot question was presented, which supreme court would not consider on petition for a writ of mandate to set aside and annul a decree dissolving such injunction.

PETITION for Writ of Mandate.   *Writ denied.*

Turner K. Hackman, for Petitioner.

W. D. Gillis, for Defendants.

Counsel cite no authorities on point decided.

GIVENS, J.—Petitioner sought a writ of mandate to require the Honorable William A. Babcock, one of the judges of the district court of the eleventh judicial district, Twin Falls county, to set aside and annul a judgment and decree entered by him dissolving a temporary injunction and dismissing the action in which the temporary injunction had been issued.   The injunction was sought for the purpose

Publisher's Note.
   See Actions, 1 C. J., sec. 68, p. 973, n. 13.
   Mandamus, 38 C. J., sec. 23, p. 552, n. 19.

of restraining the defendants as a school board from accepting a bid, and paying for a certain quantity of coal, from the Filer Elevator Company, on the ground that their action in so doing was discriminatory and contrary to law because petitioner had presented a lower bid.

It appears from the record that after the temporary injunction was dissolved the coal was purchased and paid for. The substance of the controversy has therefore disappeared, since the only relief sought was injunctive, and only a moot question remains to be determined, and nothing this court could do or direct the trial court to do would afford any relief to petitioner and this court will not consider such a case. (*Porter v. Speno,* 13 Ida. 600, 92 Pac. 367; *Abels v. Turner Trust Co.,* 31 Ida. 777, 176 Pac. 884; *Adamson v. Moyes,* 32 Ida. 469, 184 Pac. 849; 1 C. J. 973.) This conclusion renders it unnecessary to consider or pass upon the questions of practice and procedure raised by petitioner.

The writ is denied and costs are awarded to defendants.

Wm. E. Lee, C. J., and Taylor and T. Bailey Lee, JJ., concur.

Budge, J., took no part in the opinion.