No. 14,756.

FAIRALL ET AL. *v.* REDMON.
(110 P. [2d] 247)

Decided January 20, 1941.   Rehearing denied February 10, 1941.

Mr. BYRON G. ROGERS, Attorney General, Mr. JOSEPH D. ISKOW, Assistant, for plaintiffs in error.

Mr. SAMUEL D. MENIN, for defendant in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appeared in reverse order in the trial court and are hereinafter referred to as plaintiff and the board, respectively.

Plaintiff brought mandamus against numerous officials connected with the administration of old age pensions. All save those here appearing were ordered dismissed and those orders are not questioned.

Peremptory writ issued as prayed commanding the board to certify such pensions to the state auditor on a basis of $45.00 per month, regardless of the amount available for the payment thereof. A demurrer to the petition had been overruled in part, and a general demurrer to the answer sustained; the court thereby holding that a cause of action was stated against the board and that its answer set up no defense. Those rulings are assigned as error.

We had, in this state, first a Colorado State Relief Committee of seven members appointed by the governor. S.L. '35, c. 186, §3. One year later this became the State Board of Public Welfare. Second Extraordinary Session '35, c. 5, §3. The state department of public welfare consists of that board, plus a director appointed by it, plus officers and employees appointed by the director with the approval of the board. Hence for all practical purposes the board is the department.

The so-called old age pension amendment to our Constitution, originally known as "Initiated Amendment No. 4," now Amendment No. 24, was adopted at the general election in November, 1936, and appears as chapter 200, page 881, S.L. 1937.

At the session following, a pension act, in at least partial conformity to the amendment, was passed. S.L. '37, p. 885, c. 201.

For convenience we refer to the foregoing simply as chapters 186, 5, 200, and 201, respectively. Some knowledge of chapter 186 is necessary to a comprehension of the others.

Section 1 of chapter 200 creates the old age pension fund; section 2 allocates to it certain revenues; section 3 specifies the beneficiaries; section 4 makes the board the administrator of the fund and directs it to "cause all moneys *deposited in the old age pension fund* to be paid out to qualified pensioners"; section 5 continues certain laws in effect and forbids certain amendments; and section 6 fixes the amount of pensions at $45.00 per

month, less income, and forbids any "variation in the amount paid, or other discrimination between persons eligible."

We held said chapter 200 constitutional, but self-executing only as to the establishment of the fund. In Re Interrogatories, 99 Colo. 591, 65 P. (2d) 7.

Section 2 of chapter 201 authorizes the board to supervise and administer pensions and make all necessary rules and regulations. Section 19 thereof directs the board to certify to the state auditor "the amounts approved" and orders that, "The amounts so certified shall be paid from the state treasury * * * from moneys appropriated to the state [welfare] department."

Under the foregoing acts county boards certify their eligibles to the state board, with the amounts necessary to pay in full. The latter ascertains the amount in the fund and, when not sufficient to pay in full, certifies to the state auditor the amounts pro rata. Such was the situation here. Plaintiff, having no deductible income, demands certification in full.

■ 1. It is admitted that authority to pro rate is specifically conferred neither upon the board nor anyone else. Only clerical duties, involving the exercise of no discretion whatever, are devolved upon the state auditor and state treasurer. If the board may not pro rate no one may. If no one may pro rate then the full amounts must be certified and the rule, "First come first served," applies. Under it the fund is exhausted and late comers take nothing, a plain violation of the constitutional prohibition against discrimination. Such a construction results in an irreconcilable conflict between two portions of said chapter 200. To so hold would nullify the amendment; to uphold the prohibition against discrimination would nullify the $45.00 per month provision; to uphold the latter would nullify the prohibition against discrimination, at the expense of those probably the most needy, meritorious and helpless. Any such construction should never be resorted

to by the judicial department when it can be avoided.

█ In such an emergency we naturally look for implied authority to pro rate. Here we have no trouble in finding it. First, that authority is vested in the board or is not vested; second, said chapter 201 must be construed, so far as possible, as legislation effectuating said chapter 200; third, said chapter 200 expressly limits the board, in causing payments to be made, to "moneys deposited in the old age pension fund." It has nothing to do with moneys not so deposited. Fourth, discrimination is forbidden; fifth, since errors, if any, made by the county boards, must be corrected before certification, "the amounts approved," as specified in said section 19, must mean the amounts approved by the state board, and it is only such amounts that are to be certified and paid, and those are to be paid only "from moneys appropriated." The irresistible conclusion is that authority to pro rate is by necessary implication, if not more, vested in the board.

█ 2. But an even better reason here appears why plaintiff is not entitled to the relief sought. He is not entitled to a violation of the constitutional prohibition against discrimination and the court will give no aid to any scheme he may concoct to that end. Even armed with the coveted writ we must assume that some officer, board, bureau, or legal instrumentality would, at some stage of his progress, thwart him. His petition contains no allegation that there was a sufficient sum in the fund to pay pensions in full at any time when they were not so certified, or that the board ever drew vouchers for less than the full amount when there was sufficient money in the fund to pay in full. One who demands relief from a court must show himself entitled thereto. Mandamus will not issue where it would be unavailing, or where no benefit will result to an applicant. 38 C.J., p. 551, §23. The writ will not be granted to compel the issuance of a warrant for funds not lawfully available

or provided for. *Henderson v. People ex rel.*, 17 Colo. 587, 31 Pac. 334.

The judgment is accordingly reversed and the cause remanded with directions to dismiss the writ.

MR. JUSTICE YOUNG, MR. JUSTICE KNOUS, and MR. JUSTICE HILLIARD concur.