269 P.2d 1080

**STATE TAX COMMISSION**

**v.**

**JOHNSON et al.**

No. 8083.

Supreme Court of Idaho.

March 11, 1954.

Robert E. Smylie, Atty. Gen., J. N. Leggat, Asst. Atty. Gen., for plaintiff.

Carl H. Swanstrom, Council, Donart & Donart, Weiser, for defendants.

PORTER, Chief Justice.

This is an original proceeding by plaintiff seeking to compel defendants to comply with an order made by the State Tax Commission. From the petition of plaintiff, filed November 30, 1953, the following facts appear: The Assessor of Adams County assessed the cattle situated in such county for the year 1953 at the total amount of $322,999. None of the individual owners of said cattle filed any complaint or protest with the County Board of Equalization of such county in respect to such assessment. On or about July 13, 1953, the County Board of Equalization made and entered an order providing that "The Board orders a general cut of approximately 10% to be made on all cattle assessments for 1953, * * *." Thereafter, the abstract of the real and personal property assessment rolls of Adams County for the year 1953 was prepared and submitted to the State Tax Commission. Such abstract showed the total assessment of such cattle to be the amount of $289,374.

On the second Monday in August, 1953, the State Tax Commission met at the time and place provided by statute and after comparing the abstracts of the assessment rolls of the several counties of the state and after having heard the County Assessor of Adams County, ordered that the assessments of cattle appearing upon the abstract of Adams County be increased and restored to the assessments made by the assessor in the first instance. A certified statement of said changes was sent to the defendant county auditor by plaintiff's executive officer.

On or about September 14, 1953, defendant, Mabel Hoover, notified plaintiff that

the Board of County Commissioners of Adams County had met on said September 14, 1953, and refused to accept the increases in the assessment of cattle certified by the State Tax Commission. On or about September 25, 1953, plaintiff made written demand upon defendant, Mabel Hoover, that she make and enter the changes made by plaintiff upon the proper records of Adams County in the manner and form required by the statutes. Said defendant has failed and refused so to do. Plaintiff alleges that unless the writ of mandate is issued as prayed for, defendants will put into effect their alleged illegal acts and omissions and will cause great harm to be done to Adams County and the State of Idaho.

On the basis of such petition, an alternative writ of mandate was issued December 3, 1953.

Defendants filed their answer which admits generally the facts set out in plaintiff's petition. Such answer contains lengthy affirmative allegations which we will summarize. It alleges that the actions of plaintiff were arbitrary and were not taken in the manner provided by law or for the reasons authorized by statutory law or the constitution. That neither Adams County nor the State of Idaho will be injured by any act on the part of defendants complained of in said petition. That the plaintiff is guilty of laches in now prosecuting this action and this action is now untimely in that instead of prosecuting the action immediately after being notified on September 14, 1953, that defendants did not intend to comply with the order of plaintiff raising the assessment of such cattle, plaintiff deferred the initiation of this action until the third day of December, 1953.

That as required by the provisions of Section 63–901, I.C., the Board of County Commissioners of Adams County by September 14, 1953, made a sufficient levy on all the taxable property of the county to produce the amount of the state ad valorem tax apportioned to the county, and a sufficient levy to meet the special state livestock funds assessed against the county. That as required by the provisions of Chapter 10, Title 63, I.C., defendant, Mabel Hoover, between September 14, 1953, and November 2, 1953, computed the amount of all state taxes and the amounts of all county taxes on the total equalized value of all property in Adams County subject to taxation and extended all such taxes upon the real property tax rolls of said county, and on or before November 2, 1953, delivered such completed tax rolls to the tax collector of such county. That as required by the provisions of Chapter 11, Title 63, I.C., and particularly Sections 63–1103 and 63–1104, I.C., the Tax Collector of Adams County between November 2, 1953, and November 23, 1953, prepared a statement of taxes and notice as to each and every parcel of property appearing on said tax rolls, showing the amount of taxes as shown on such tax rolls including the amount of tax

on any cattle, and mailed a tax notice to every taxpayer on such tax rolls showing the amount of taxes due.

That by the provisions of Section 63-1102, I.C., all such taxes became due and payable from and after November 23, 1953, and that all taxpayers on and after that date were entitled to pay such taxes and discharge their respective properties from the lien thereof.

That a large number of taxpayers assessed for cattle and the taxes on which were extended on the real property tax rolls paid in full all such taxes; and many other such taxpayers paid in full one-half of such taxes; and many other taxpayers have likewise paid in full their taxes on such cattle. Each and every of such taxpayers have received official tax receipts from the Tax Collector of Adams County evidencing the full payment of all such taxes.

Paragraph VI of the answer of defendants is as follows:

"That the plaintiff, by its Petition for Writ of Mandate, in seeking at this late date to compel the defendants to increase for purposes of taxation the valuation of cattle in Adams County by the percentages and amounts demanded by plaintiff, is demanding that defendants be required to do and perform acts impossible of performance, in that:

"(1) There is no statutory method or proceedure provided by law whereby, at this date, values of property for purposes of taxation can be increased:

"(2) There is no statutory method or proceedure by which, at this date, further and additional taxes for 1953 can be imposed upon property now appearing on the 1953 tax rolls of Adams County:

"(3) And there us no statutory method or proceedure by which, at this date, further and additional taxes can be imposed on the same property with respect to which tax payers have already paid the taxes as shown by the tax rolls of the county, and the tax statements and notices issued to such tax payers, and for which taxes, so paid in full by such tax payers, they have heretofore received official tax receipts as to all taxes for 1953:"

Defendants also filed a general demurrer to the petition and a motion to quash. Plaintiff filed a motion to strike the affirmative matter appearing in the answer. Oral argument has been heard and the matter is now before us for decision.

The demurrer to the petition will be denied and the matter considered on its merits. The order on the motion to quash will follow the disposition of the case.

■■ Plaintiff's motion to strike divides the affirmative matter set out in the answer into six so-called affirmative defenses. The

motion to strike the affirmative defense attacking the order of the State Tax Commission is well taken. Such order is not subject to collateral attack in this mandamus action to enforce same. Utah Oil Refining Co. v. Hendrix, 72 Idaho 407, 242 P.2d 124; People ex rel. v. Pitcher, 61 Colo. 149, 156 P. 812; State Tax Commission v. J. & W. Auto Service, 92 Utah 123, 66 P.2d 141. The motion to strike the other so-called affirmative defenses is not well taken. Such defensive matter is not an attack upon the order of the State Tax Commission, but is a claimed defense against the issuance of a writ of mandate at this time to enforce such order.

We need not concern ourselves in this case with whether the Board of Equalization of Adams County had authority to lower the assessments against the cattle of such county as made by the assessor and particularly without complaints by the taxpayers. Neither are we concerned with the regularity of the action of the State Tax Commission in restoring the assessments to the amounts fixed by the assessor. So far as the record in this case is concerned we are dealing with a valid order of the State Tax Commission and the failure of defendants to comply with same. Defendants do not now seriously contend that it was not their duty to comply with such order. See People v. Pitcher, supra; Utah Oil Refining Co. v. Hendrix, supra; State ex rel. Smith v. Smith, 197 Ore. 96, 252 P.2d 550; Lusk v. Porter, 53 Okl. 294,

156 P. 224. The defense in this action is primarily that plaintiff instead of acting promptly, waited to bring this action to enforce its order until a date when the issuance of a writ of mandate would be untimely and useless and the defendants could not comply with such order and create a valid, collectable additional tax on the cattle in question.

The defendants contend that the writ of mandate should not issue and that the application for same comes too late because the time has passed when the correction of the assessment rolls should have been made. This contention is untenable. In State v. Holcomb, 81 Kan. 879, 106 P. 1030, at page 1032, 28 L.R.A.,N.S., 251, where the county auditor refused to add assessments as required by the county board, claiming that such requirement came too late as the previous tax rolls had already been delivered to the tax collector, the court said:

"Nor is an officer justified in setting up the excuse in a mandamus proceeding that the time fixed by statute to do the act has passed when it was his own failure to perform the duty within the statutory time which made it necessary to bring the mandamus proceeding. An officer cannot by failure to perform a duty nullify the statute imposing it nor defeat the public in compelling performance where it takes reasonably prompt action to enforce performance. In Lewis v. Com'rs of Marshall Coun-

ty, 16 Kan. 102, 22 Am.Rep. 275, it is said: 'As a general rule, when a duty is at the proper time asked to be done and improperly refused to be done, the right to compel it to be done is fixed, and is not destroyed by the lapse of the time within which in the first place the duty ought to have been done.' See, also, State v. Com'rs of Kearny County, 42 Kan. 739, 22 P. 735."

See also, People ex rel. Ahlschlager v. Board of Review, 352 Ill. 157, 185 N.E. 248, 87 A.L.R. 520.

█ It is generally held as contended by defendants that a writ of mandate will not be granted to compel the performance of a vain, useless or unavailing act or where the question is moot or performance is impossible. Detweiler Mercantile Co. v. Babcock, 44 Idaho 777, 260 P. 162; Cowan v. Lineberger, 35 Idaho 403, 206 P. 805; Moore State ex rel. v. Van Tassell Real Estate & Live Stock Co., 53 Wyo. 89, 79 P.2d 476; Fairall v. Redmon, 107 Colo. 195, 110 P.2d 247; State ex rel. City of Tacoma v. Rogers, 32 Wash.2d 729, 203 P.2d 325; Roscoe v. Goodale, 105 Cal. App.2d 271, 232 P.2d 879.

█ However, it does not appear that the performance by defendants of the duty to correct the assessment rolls in compliance with the order of the State Tax Commission is impossible of performance or would amount to a vain and useless act. When the State Tax Commission raised and fixed the cattle assessments by proper order, the assessments made by the board of county commissioners, were superseded and no longer constituted a part of the assessment rolls. The true, and only assessment rolls thereafter were the original rolls as corrected by the State Tax Commission. The final and ultimate determination of the true assessment rolls rested with the Commission. People v. Pitcher, supra. The duty required of the auditor to make the corrections on the assessment rolls was purely ministerial. When he computed the taxes after the levy was made by the board of county commissioners, the computations should have been upon the assessment rolls as corrected by the State Tax Commission.

█ Upon the levy by the board of county commissioners in September, the amounts of taxes resulting from the application of such levy to the valuations contained in the assessment rolls as the same were corrected by the order of the State Tax Commission, became liens attaching as of the second Monday in January, upon the personal and real property of the owners which could only be discharged by the payment, cancellation or rebate of such taxes. Section 63–102, I.C.; City of Portland v. Multnomah County, 135 Ore. 469, 296 P. 48. The failure or neglect of the auditor to perform his ministerial duty to change the valuations on the assessment rolls and to properly compute the taxes cannot operate to defeat such liens or to

112

prevent the collection of such additional taxes.

Collection by the treasurer and assessor heretofore of less than the full amount of taxes due will not estop the county from collecting the balance. Logan City v. Allen, 86 Utah 375, 44 P.2d 1085.

It is true that we have no statutes spelling out in terms how the additional taxes should be collected. However, the additional taxes are valid taxes constituting liens on the property of the taxpayers. Their collection cannot be defeated because delayed. The treasurer, as tax collector of real property taxes, and the assessor, as collector of personal property taxes, are not defendants in this action. Herein plaintiff only prays that defendants be required to make the proper changes on the assessment rolls.

After the proper changes are made on the assessment rolls, it seems to us it would be appropriate for the officers charged with the collection of taxes to mail to every affected taxpayer a notice containing the information required to be in tax notices, including the amount of the additional taxes and stating if the same were not paid within stated times corresponding to the lengths of time given within which to pay real and personal taxes after notice, that such additional taxes would become delinquent and penalties and interest would be added. Such procedure would appear to safeguard the rights of the taxpayers. On this subject, see generally, State ex rel. Smith v. Smith, 197 Ore. 96, 252 P.2d 550.

The motion to quash the alternative writ of mandate is denied. The petition for the issuance of a permanent writ of mandate is granted. Costs to plaintiff.

GIVENS, TAYLOR, THOMAS and KEETON, JJ., concur.