278 P.2d 998

Robert DOOLITTLE, J. Howard Bradbury and T. A. Faubion, Jr., Individually and as Stockholders and Directors; Martin T. Byrne, Individually and as Registered Stockholder and Director; and Harold Corbett, Frank Corbett and Jack Corbett, Individually, as Stockholders and as Successors of Martin T. Byrne as Registered Stockholder; and on Behalf of Other Stockholders, of Rathdrum State Bank, A Corporation, Plaintiffs-Respondents, v. James C. MORLEY, John R. Mitchell, Barbara Turner Lang, also known as Barbara Turner, Defendants-Appellants.

No. 8248.

Supreme Court of Idaho.

Jan. 10, 1955.

McNaughton & Sanderson, Harold S. Purdy, Coeur d'Alene, Earl A. Phillips, Seattle, Wash., for appellants.

Edward J. Bloom, Wallace, Idaho, and San Francisco, Cal., Joseph M. Imhoff, Jr., Boise, R. N. Elder, Coeur d'Alene, for respondent Martin T. Byrne.

Joseph M. Imhoff, Jr., Boise, for substituted respondents Harold Corbett, Frank Corbett and Jack Corbett.

SMITH, Justice.

Respondents Robert Doolittle, Martin T. Byrne, J. Harold Bradbury and T. A. Faubion, Jr., individually and as stockholders and directors of Rathdrum State Bank, a corporation, and on behalf of other stockholders of Rathdrum State Bank, commenced action, as provided by I.C., sec. 30–137, in Kootenai County district court against appellants for summary judicial review and confirmation of the bank's corporate election of directors held September 16, 1954. The court's resulting order and decree made November 8, 1954, confirms the bank's corporate election of directors; decrees that by such election appellants and others were removed as directors and that said respondents were duly elected as directors, but that since respondent Byrne had resigned as director so elected, respondents Doolittle, Bradbury and Faubion, Jr., constitute the bank's directors so elected, entitling them to possession of the bank and its properties, and lastly orders "that this Court has and shall exercise continuing jurisdiction herein".

November 8, 1954, appellants perfected an appeal from the district court's order and decree. The district court fixed supersedeas, in stay of execution pending the appeal, in the sum of $10,000 which appellants furnished in cash. November 10, 1954, respondent Byrne filed in this Court a motion to dismiss such appeal, supported by the Clerk's transcript of the pleadings in the district court, asserting that the district court's order is not a final judgment and therefore not appealable.

During the oral argument, December 17, 1954, attorneys for Martin T. Byrne and for Harold Corbett, Frank Corbett and Jack Corbett, lodged with the Clerk of this Court, without objection, a "Motion to Substitute Plaintiff" thereby to substitute the Corbetts "as proper parties plaintiff, successors of Byrne", but requested that Byrne be permitted to remain "a nominal plaintiff", since he still appears as a registered stockholder of the bank. It appeared during argument, that the motion to substitute was intended to apply in the matter of the pending motion to dismiss appeal, as well as in Doolittle v. Morley, No. 8246,

76 Idaho —, 278 P.2d 996, both of which matters were consolidated for argument. The motion is granted and the parties are so substituted, I.C., secs. 5–301 and 5–319.

In the case of Hunter v. Merger Mines Corporation, 66 Idaho 438, 160 P.2d 455, relied on by respondents, the trial court ordered a new corporate election of directors to be held under the auspices of a special master appointed for that purpose, with jurisdiction retained pending the report of the master and a hearing thereon, or other appropriate court action. This Court granted a motion to dismiss an appeal from that order, holding: "The reservation evidently contemplated encompassing more than mere enforcement of the order * * * therefore, the order was not final."

Here however, no such lack of finality appears from the district court's order and decree appealed from. On the contrary, after a hearing and entry of findings of fact and conclusions of law, the trial court, by its order and decree, confirmed the bank's corporate election of directors and thereby finally adjudicated the subject matter of the controversy, thusly meeting the requirement of a final appealable judgment from which appellants perfected the appeal. Further action under retention of jurisdiction, in aid of execution, does not affect the element of finality. The motion to dismiss the appeal is denied. I.C., sec. 13–201; Evans State Bank v. Skeen, 30 Idaho 703, 167 P. 1165; Lamberton v. McCarthy, 30 Idaho 707, 168 P. 11;

Farmers Equipment Co. v. Clinger, 70 Idaho 501, 222 P.2d 1077.

Costs to appellants.

TAYLOR, C. J., and KEETON and PORTER, JJ., concur.

GIVENS, J., sat at the hearing but did not participate in the decision.