278 P.2d 996

Robert DOOLITTLE, J. Howard Bradbury and T. A. Faubion, Jr., Individually and as Stockholders and Directors; Martin T. Byrne, Individually and as Registered Stockholder and Director; and Harold Corbett, Frank Corbett and Jack Corbett, Individually, as Stockholders and as Successors of Martin T. Byrne as Registered Stockholder; and on Behalf of Other Stockholders, of Rathdrum State Bank, a Corporation, Plaintiffs, v. James C. MORLEY, John R. Mitchell, Barbara Turner Lang, also known as Barbara Turner, Defendants.

No. 8246.

Supreme Court of Idaho.

Jan. 10, 1955.

Edward J. Bloom, Wallace, Idaho, and San Francisco, Cal., Joseph M. Imhoff, Jr., Boise, R. N. Elder, Coeur d'Alene, for plaintiff Byrne.

Joseph M. Imhoff, Jr., Boise, for substituted plaintiffs Harold Corbett, Frank Corbett and Jack Corbett.

McNaughton & Sanderson, Coeur d' Alene, Bandelin, Bandelin & Ponack, Sandpoint, Harold S. Purdy, Coeur d'Alene, Earl A. Phillips, Seattle, Wash., for defendants.

Robert E. Smylie, Atty. Gen., and Robert B. Hodge, Asst. Atty. Gen., for Commissioner of Finance of State of Idaho.

SMITH, Justice.

November 10, 1954, plaintiff Martin T. Byrne made application to this Court for an alternative writ of mandate directed against defendants, which issued November 15, 1954, commanding them to comply with a certain order and decree dated November 8, 1954, of the Kootenai County district court, or show cause at a time specified why they have not done so. Such order and decree is referred to in more detail in Doolittle v. Morley, No. 8248, 76 Idaho ——, 278 P.2d 998, in which case this Court denied a motion to dismiss defendants' appeal from said order and decree.

Plaintiff Byrne alleges no plain, speedy and adequate remedy in the ordinary course of law, asserting that said order and decree is non-appealable because not a final judgment, and alleges defendants' circumvention thereof by their act of filing the notice of appeal, which thereby will delay fulfillment of alleged requirements of "the supervising authorities of said Bank" and cause the taking over of Rathdrum State Bank by those authorities, to the irreparable damage of plaintiff Byrne and the bank.

Defendants, in their return to the writ, set forth: their appeal "from a final determination * * * in said District Court proceeding", and furnishing of supersedeas in stay of execution; continuing possession, since about November 10, 1954, of Rathdrum State Bank by the Commissioner of Finance of the State of Idaho, which "does make it impossible for these defendants or any of them, to obey

the said command of this Court, and * * rendered this proceeding moot" and, since plaintiff Byrne is no longer a stockholder in or director of said bank, he can no longer maintain the mandate proceeding.

During the oral argument, Decmber 17, 1954, it was made to appear, without objection, that an action commenced in the Kootenai County district court by Rathdrum State Bank, Byrne and parties Corbett substituted herein, against the Commissioner of Finance of the State of Idaho, disputing his possession and control of the bank, allegedly solvent, which allegedly the Commissioner is operating as a general commercial bank, resulted in a judgment and decree of the trial court dated December 9, 1954, directing that the bank and its properties "be restored to the directors of said bank lawfully entitled thereto and that the Commissioner vacate said premises"; also, the parties stipulated that the Commissioner had perfected an appeal from such judgment and decree, asserting his disputed, though limited, possession and control of the bank during pendency of his appeal.

The "Motion to Substitute Plaintiff", referred to in Doolittle v. Morley, No. 8248, supra, is granted herein, and the parties are so substituted.

█ Since as stipulated, the Commissioner of Finance pending disposition of his appeal is in asserted and disputed, though limited, possession and control of Rathdrum State Bank, plaintiff Byrne is not in position to urge its surrender and delivery to plaintiffs Doolittle, Bradbury and Faubion, Jr., who, by the November 8, 1954 order and decree of the Kootenai County district court, were decreed to be the bank's duly constituted directors.

█ The legal right of a petitioner for a writ of mandate to compel the performance of a particular act must be clear and complete. Lewis v. Mountain Home Co-op. Irr. Co., 28 Idaho 682, 156 P. 419; Brooks v. Edgington, 40 Idaho 432, 233 P. 514.

█ "It is generally held * * * that a writ of mandate will not be granted to compel the performance of a vain, useless or unavailing act or where the question is moot or performance is impossible. Detweiler Mercantile Co. v. Babcock, 44 Idaho 777, 260 P. 162; Cowan v. Lineberger, 35 Idaho 403, 206 P. 805; State ex rel. Moore v. Van Tassell Real Estate & Live Stock Co., 53 Wyo. 89, 79 P.2d 476; Fairall v. Redmon, 107 Colo. 195, 110 P.2d 247; State ex rel. City of Tacoma v. Rogers, 32 Wash.2d 729, 203 P.2d 325; Roscoe v. Goodale, 105 Cal.App.2d 271, 232 P.2d 879." State Tax Commission v. Johnson, 75 Idaho 105, 269 P.2d 1080, 1083.

The order and decree of November 8, 1954, of the Kootenai County district court being a final judgment from which defendants properly perfected their pending appeal, as held in Doolittle v. Morley, supra, No. 8248, the essential basis for mandate herein has disappeared. The

application for writ of mandate is denied, and the alternative writ heretofore issued is quashed. Hunter v. Merger Mines Corporation, 66 Idaho 438, 160 P.2d 455.

Costs to defendants.

TAYLOR, C. J., and KEETON and PORTER, JJ., concur.

GIVENS, J., sat at the hearing but did not participate in the decision.